680 So.2d 1165 (1996)
STATE of Louisiana
v.
Ray ROBERTSON.
No. 96-K-1048.
Supreme Court of Louisiana.
October 4, 1996.
*1166 PER CURIAM.
Granted in part; denied in part. The due process standard of review in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) does not provide appellate courts with a vehicle for substituting their appreciation of the evidence for that of the factfinder. State v. Lubrano, 563 So.2d 847, 850 (La.1990). Testimony by the state's expert that he had never seen anyone purchase 12 grams of cocaine, worth approximately $1200 to $2400 on the street, for personal use only, together with evidence that the defendant had over $700 in cash on his person when arrested, gave jurors a rational basis for inferring that the defendant intended to distribute the cocaine. See State v. Daniels, 614 So.2d 97, 112 (La.App. 2nd Cir.), writ denied, 619 So.2d 573 (La.1993). The Due Process Clause therefore does not require reducing the jury's verdict to simple possession of cocaine. La.C.Cr.P. art. 821(C). The application is otherwise denied. To the extent that the defendant's conviction has been set aside for trial error only, the state may retry him for the charged offense. Cf., Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
CALOGERO, C.J., not on panel.