962 So.2d 1119 (2007)
STATE of Louisiana, Appellee
v.
Larry THOMAS, Jr., Appellant.
No. 42,322-KA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
*1121 Peggy Sullivan, Louisiana Appellate Project, Monroe, for Appellant.
Paul J. Carmouche, District Attorney, Geya D. Williams Prudhomme, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before GASKINS, DREW and LOLLEY, JJ.
GASKINS, J.
The defendant, Larry Thomas, Jr., was convicted as charged of armed robbery. Following his adjudication as a second felony offender, he was sentenced to 50 years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals. We affirm.

FACTS
On January 9, 2005, the victim, the director of religious education at Holy Rosary Catholic Church, drove to the church to attend services and work with the church's children. After she exited her *1122 car, she said good morning to a man walking toward her. The man walked up to her and demanded her purse. She refused. He brandished a knife and demanded the purse again. They struggled, and the victim received a scratch from either the knife or the assailant's fingernails. The purse strap broke as the man ripped the purse from her shoulder.
A nearby police officer responded to the victim's screams. When the man saw the patrol car, he dropped the purse as he fled across the street. The officer gave chase and radioed for assistance. This officer brought a man back to the scene, but the victim stated that he was not her assailant.
Another officer who heard the radio call saw the defendant running through backyards and looking over his shoulder. The officer stopped him; a knife was found in his pocket. Within about 10 minutes of the robbery, the victim was brought to the location where the defendant was. She positively identified him as the man who stole her purse. According to her, he was still wearing the same clothes. She also identified his knife as the one with which she was threatened during the incident. The defendant was arrested and charged with armed robbery.
Two days later, the defendant was interviewed in jail by a police detective. The defendant admitted being at the scene of the crime and told the officer that the robbery was a "spur of the moment" incident. He claimed that another man with him actually took the purse, and he denied pulling his knife on the victim.
Following a jury trial, the defendant was convicted as charged of armed robbery. The defendant's motion for post verdict judgment of modification was denied. The state filed a habitual offender bill of information based upon the defendant's 2002 conviction for purse snatching. The trial court adjudicated him a second felony offender and sentenced him to 50 years at hard labor without benefits. Motions for reconsideration filed by defense counsel and by the defendant in proper person were denied. This appeal followed.

SUFFICIENCY OF EVIDENCE

Law
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, XXXX-XXXX (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. The reviewing court accords great deference to the judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Morrison, 40,852 (La.App. 2d Cir.4/12/06), 927 So.2d 670.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a requisite factual conclusion. State v. Burd, 40,480 (La.App. 2d *1123 Cir.1/27/06), 921 So.2d 219, writ denied, XXXX-XXXX (La.11/9/06), 941 So.2d 35. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App. 2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12; State v. Zeigler, 40,673 (La.App. 2d Cir.1/25/06), 920 So.2d 949.
La. R.S. 14:64 defines armed robbery as the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

Discussion
The defendant argues that the state failed to prove a "taking" of the victim's purse, asserting that it was merely "dropped." Also, he contends that the victim gave differing descriptions of the knife used by her assailant.
With the testimony of the victim alone, the state satisfied its burden of proving beyond a reasonable doubt that the defendant committed the offense of armed robbery. The victim testified that the defendant approached her, demanded her purse, and then pulled a knife and took the purse from her grasp during a struggle. The victim positively identified the defendant as the robber both immediately after the robbery and during trial. She was unwavering in her identification of the defendant and her description of the event. None of the small discrepancies in the victim's description of the robber's weapon overcome the overwhelming evidence that the defendant was guilty of armed robbery.
This assignment of error is without merit.

VOIR DIRE
The defendant contends that the trial court should have allowed him to inform and question the jurors about the penalty for armed robbery during voir dire.
As a general matter, an accused in a criminal case is constitutionally entitled to a full and complete voir dire examination of prospective jurors. La. Const. art. 1, § 17(A); State v. Ball, 2000-2277 (La.1/25/02), 824 So.2d 1089, cert. denied, 537 U.S. 864, 123 S.Ct. 260, 154 L.Ed.2d 107 (2002).
The scope of voir dire examination lies within the sound discretion of the trial court, and its rulings will not be disturbed by the reviewing court absent clear abuse of that discretion. La. C. Cr. P. art. 786; State v. Ball, supra; State v. Roy, 95-0638 (La.10/4/96), 681 So.2d 1230, 1240, cert. denied, 520 U.S. 1188, 117 S.Ct. 1474, 137 L.Ed.2d 686 (1997); State v. Jackson, 29,470 (La.App. 2d Cir.8/20/97), 707 So.2d 990. While limitations of voir dire may not be so restrictive as to deprive counsel of a reasonable opportunity to determine grounds for challenges for cause and the intelligent exercise of peremptory challenges, an appellate court should undertake a review of voir dire as a whole in deciding whether the defendant has been afforded sufficient latitude in examining potential jurors. State v. Jackson, supra; State v. Hamilton, 92-1919 (La.9/5/96), 681 So.2d 1217, cert. denied, 520 U.S. 1216, 117 S.Ct. 1705, 137 L.Ed.2d 830 (1997).
In this case, the defendant was given ample latitude in voir dire to determine the suitability of the jurors to serve in that capacity. In this non-capital case, the jurors' opinions about the sentences for the charged offense and the various responsive verdicts were irrelevant to their suitability as jurors. Because the court, not the jury, determines the defendant's sentence, information about the penalty provisions for the crime and the responsive verdicts tends to confuse the issue and detract from the jury's role as factfinder. The trial court *1124 did not err in limiting voir dire on this point.
This assignment of error is meritless.

MISTRIAL
The defendant asserts that a remark made by a police officer about other purse snatchings in the area warranted a mistrial.

Law
La. C. Cr. P. art. 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . .
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
. . . .
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
The relevant portion of La. C. Cr. P. art. 771 states:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
. . . .
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
As this court observed in State v. Brooks, 40,186 (La.App. 2d Cir.10/26/05), 914 So.2d 110:
While a mistrial is mandatory when a judge, district attorney, or court official refers to inadmissible other crimes evidence in the presence of the jury, our jurisprudence has held that a police officer is not a "court official."
When a police officer makes such a reference, factors which may be considered in determining whether a mistrial is warranted are whether the statement was deliberately elicited by the district attorney, whether it was responsive to the question, and whether the witness purposely uttered it to prejudice the defendant. Generally, ambiguous or obscure references to other crimes made without explanation or elaboration do not prejudice the defendant. [Citations omitted.]

Discussion
Corporal James Germain, the first officer on the crime scene, testified at trial. In describing his actions after the foot pursuit began, he said:
I continued the foot pursuit. I radioed in the description, the possible problem, that it was a possible purse snatching. We had been having a series of purse snatchings 
At that point, defense counsel objected, and there was an unrecorded bench conference. *1125 When court resumed, the prosecutor instructed the witness only to testify about the instant offense. The matter was later argued on the record. The defense's motion for mistrial was denied.
The officer's remark was not elicited by the prosecutor; the officer was explaining the circumstances of the foot pursuit and the presence of the other units in the area. The remark was not responsive to the prosecutor's question, which simply asked the officer to give the facts of the foot chase, and the remark was calculated only to explain the officer's radio communication to other officers, not to prejudice the defendant, whom the officer did not identify as the perpetrator of any other offense. After the objection of the defendant, the officer's testimony was appropriately limited, and the defendant was not prejudiced by the remark.
This assignment of error is without merit.

SENTENCE
The defendant argues that the sentence imposed of 50 years at hard labor without benefits was excessive. He also contends that the trial court failed to sufficiently comply with La. C. Cr. P. art. 894.1.
As a second felony offender, the defendant faced a minimum sentence of 49½ years and a maximum sentence of 198 years imprisonment without benefits. Since the underlying offense of armed robbery requires the sentence to be imposed without benefit of parole, the habitual offender sentence likewise is to be imposed without parole despite La. R.S. 15:529.1(G). See, e.g., State v. Hailey, 41,897 (La.App. 2d Cir.2/28/07), 953 So.2d 979.
The defendant's sentence is only six months longer than the minimum sentence; thus, the trial court essentially sentenced the defendant to the mandatory minimum term provided by law. Where there is a mandatory sentence, there is no need for the trial court to justify, under La. C. Cr. P. art. 894.1, a sentence it is legally required to impose. State v. Thomas, 41,734 (La.App. 2d Cir.1/24/07), 948 So.2d 1151.
The Louisiana Supreme Court has stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana Constitution. However, that power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. State v. Thomas, supra.
Since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, XXXX-XXXX (La.3/4/98), 709 So.2d 672; State v. Gay, 34,371 (La. App. 2d Cir.4/4/01), 784 So.2d 714. The courts have held that the burden is on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. To do so, the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, supra; State v. Gay, supra; State v. Thomas, supra.
The defendant's minimum sentence for this offense is adequately justified by the circumstances of the crime where he not only used a dangerous weapon but also struggled with the female victim during the course of the crime. We note that his prior offense also involved stealing a purse. The defendant has not shown how the imposition of the minimum sentence *1126 upon him is unjustified under the constitution or La. C. Cr. P. art. 894.1.
This assignment of error is without merit.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.