966 So.2d 770 (2007)
STATE of Louisiana, Appellee,
v.
Daryl Germaine ROSHELL, Appellant.
No. 42,398-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2007.
*771 Louisiana Appellate Project by Edward K. Bauman, Daryl Germaine Roshell, for Appellant.
Paul J. Carmouche, District Attorney, John F. McWilliams, Dhu Thompson, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART and LOLLEY, JJ.
STEWART, J.
The defendant, Daryl Germaine Roshell ("Roshell"), was convicted by a jury of armed robbery (among other counts which are not the subject of the instant appeal) and was subsequently adjudicated to be a second felony offender based on the armed robbery count. He was sentenced to 80 years hard labor without the benefit of probation, parole or suspension of sentence, with the sentence to run concurrently with defendant's other sentences. The defendant now appeals the sentence imposed as excessive. For the reasons that follow, we affirm the defendant's conviction and sentence.

FACTS
On August 23, 2002, three City of Shreveport employees, Alvin Cox, Calvin Cross, and Elmo Rogers, were working to clear a sewer drain when two individuals wearing bandannas over their faces approached them and demanded their money. One of the assailants was hollering and waving a gun around. Both Rogers and Cross gave the gunman their money, but Cox told the gunman that he did not have any money. After Cox refused the gunman's second demand for money, the gunman walked behind him and shot him in the back of the head. At the sound of the gunshot, Rogers and Cross fled by diving into the drainage ditch.
The evidence compiled during the investigation ultimately led police to interview Roshell as a suspect in the crimes. He eventually gave a statement to the police admitting his involvement in the crimes. The facts are more fully set forth in State v. Roshell, No. 40,374 (La.App.2d Cir. 12/14/05), 916 So.2d 1268, 1269-70, writ denied, XXXX-XXXX (La.10/06/06), 938 So.2d 69.
Following a trial by jury, the defendant was convicted of attempted manslaughter (Count I), attempted armed robbery (Count II), and two counts of armed robbery (Counts III and IV). Roshell was originally adjudicated a third felony offender based on one of the armed robbery counts (Count III) and was sentenced to 100 years hard labor to be served concurrently with his sentences of 20 years hard labor for attempted manslaughter, 35 years for attempted armed robbery and 40 years for the other armed robbery count. On appeal (No. 40,374-KA), the defendant's adjudication as a third felony offender and his sentence of 100 years hard labor based on Count III were reversed because the Court determined that one of the convictions utilized by the State to bill the defendant as a third felony offender included an offense (forgery) of which defendant had not yet been convicted as of the time of the commission of the third felony.[1] The matter was remanded for the state to bring a new habitual offender *772 proceeding and for re-sentencing on Count III, the armed robbery count.
On remand, Roshell was adjudicated a second felony offender and was sentenced to 80 years hard labor without the benefit of probation, parole or suspension of sentence, such sentence to run concurrently with his other sentences.

DISCUSSION
Excessive Sentence
The defendant argues that his sentence as a second felony offender on Count III (armed robbery) to 80 years hard labor with the benefit of probation, parole or suspension of sentence was constitutionally excessive. Defendant asserts that there was a complete lack of "aggravating factors" warranting the 80-year sentence and that the trial court did not consider all factors in making its sentencing determination. Roshell argues that the sentence imposed, even though it was admittedly within the statutory parameters of La. R.S. 15:529.1, was not particularized to fit both the offender and the offense.
The state counters by asserting that the sentence imposed was not excessive. The state points out that the sentence was less than half of the maximum possible sentence for a second felony offender convicted of armed robbery. The state asserts that the trial court properly based its sentence on the factors set forth in La. C. Cr. P. art. 894.1 and La. R.S. 15:529.1. The factors included, among other things, the violent nature of the multiple crimes committed against multiple individuals by defendant on August 23, 2002, along with defendant's prior history of violent crimes (including his 1999 felony conviction for purse snatching). The state also asserts that the 80-year sentence was not so disproportionate as to shock one's sense of justice and thus was not unconstitutional.
This court's case law on sentencing is well settled. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App.2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728.
Second, a sentence violates La. Const. art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in the light of the harm done to *773 society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992).
A trial court has broad discretion to sentence. Absent a showing of manifest abuse of that discretion, this court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La. App.2d Cir.5/12/04), 873 So.2d 939.
At sentencing on October 10, 2006, the trial court stated that it considered the following factors:
In sentencing, the Court looks to the violent nature of the four offenses, the multiple victims, and the defendant's prior criminal history. The Court has also reviewed the Code of Criminal Procedure Article 894.1 and Revised Statute 15:529.1, the Multiple Offender Act [sic].
The record reflects that on August 23, 2002, Roshell committed four crimes of violence against three different City of Shreveport employees while they were on duty, including shooting one of the victims in the back of the head simply because he said he did not have any money. The record also reflects that Roshell has a prior criminal history, including crimes of violence. He pled guilty to felony purse snatching on August 31, 1999 and was sentenced to 2 years at hard labor. There clearly is an adequate factual basis for the sentence imposed.
We conclude that the defendant's sentence is not so disproportionate to the seriousness of the offenses as to shock one's sense of justice. The minimum sentence for armed robbery for a second felony habitual offender is 49½ years' imprisonment at hard labor; the maximum sentence is 198 years. La. R.S. 15:529.1; La. R.S. 14:64. Defendant's sentence was 43¾ years less than the mid-range. In addition, the trial court expressly stated that it reduced the defendant's sentence from the prior sentence of 100 years to 80 years so as to reflect that the October 2002 forgery could not be utilized to enhance his status as a multiple offender.
Roshell's assertion that there were no aggravating factors sufficient to warrant his 80-year sentence is incorrect. There certainly are no facts which demonstrate that the trial court committed reversible error in sentencing him to serve a low range 80 years at hard labor for his heinous crime.
This assignment is therefore without merit.

CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Otherwise, this court affirmed the defendant's convictions and sentences. See, State v. Roshell, No. 40,374 (La.App.2d Cir.12/14/05), 916 So.2d 1268, 1269, writ denied, XXXX-XXXX (La.10/06/06), 938 So.2d 69.