978 So.2d 1189 (2008)
STATE of Louisiana, Appellee
v.
Antonio DAVENPORT, Appellant.
No. 43,101-KA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
Rehearing Denied April 24, 2008.
*1191 Louisiana Appellate Project by James E. Beal, Jonesboro, for Appellant.
Antonio Davenport, Pro Se.
Paul J. Carmouche, District Attorney, Damon Daniel Kervin, Tommy J. Johnson, John Ford McWilliams, Jr., Assistant District Attorneys, for Appellee.
Before BROWN, C.J., and PEATROSS and DREW, JJ.
PEATROSS, J.
Defendant, Antonio Davenport, was charged with one count of armed robbery, a violation of La. R.S. 14:64. He pled not guilty, but a jury convicted Defendant as charged. The State filed a habitual offender bill against Defendant, and the trial court found him to be a second felony habitual offender. The trial court imposed a sentence of 50 years' imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Defendant filed a motion to reconsider sentence asserting a bare claim of excessiveness; the trial court denied that motion. For the following reasons, we affirm the conviction of Defendant. The sentence of Defendant is amended and, as amended, is affirmed.

FACTS
On January 3, 2005, Samuel Jeffers drove his girlfriend, Aisha Pouncy, and a female acquaintance, Meacha Davenport, to a house on David Raines Road in Shreveport. Mr. Jeffers had never been to this home; Ms. Davenport asked Mr. Jeffers to take her there in order to visit her mother. Mr. Jeffers, who had just been paid and who had been to the bank with the women earlier that day, was in possession of several thousand dollars in cash and travelers' checks.
When they arrived, Mr. Jeffers and Ms. Pouncy went inside briefly and met Ms. Davenport's son, Antonio, Defendant herein. Mr. Jeffers and Ms. Pouncy then went back out to the vehicle. As they sat in the vehicle, Defendant left the house, came up to the vehicle and opened the passenger side door. Mr. Jeffers testified:
And when I looked around to see what was going on, that's when he hit me in the face with the pistol, and then he pointed at me first and then he stuck it in my side. . . . [H]e didn't say nothing. It happened so quick, you know. He hit me real quick in the head, and then he stuck it in my side, and he said "Give it up." And I kind of hesitated a little bit, and that's when he stuck it up under there. He said "I ain't playing with you, man. I'm fixing to blow your head off right now if you don't give me that money."
Mr. Jeffers gave the money to Defendant, who fled along with another man who had approached the driver's side of the vehicle during the robbery. No physical evidence was recovered to link Defendant to the crime.
*1192 Police showed a photo lineup, including Defendant, to Mr. Jeffers and Ms. Pouncy. Mr. Jeffers picked two similar looking people from the lineup, one of whom was Defendant. Ms. Pouncy picked Defendant. Defendant and his mother were subsequently arrested and charged with armed robbery. At trial, Mr. Jeffers and Ms. Pouncy positively identified Defendant as the man with the gun who robbed Mr. Jeffers. A unanimous jury convicted Defendant of armed robbery.
Defendant filed motions for new trial and post-verdict judgment of acquittal, but the trial court denied those motions. In the meantime, the State filed a habitual offender bill of information alleging that Defendant was a second felony offender, having pled guilty to forgery in 2001 and been sentenced to six years' imprisonment, suspended, with three years' supervised probation.
On March 17, 2007, the trial court held a habitual offender hearing. A fingerprint expert matched Defendant's prints to those on the bill of information for the 2001 forgery, and the trial court found Defendant to be a second felony offender. Defendant waived the delay for sentencing, and the trial court stated that the minimum sentence for a second felony habitual offender who commits armed robbery is 49&frac1/2 years' imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Without giving reasons, the trial court sentenced Defendant to serve 50 years' imprisonment at hard labor without benefit of probation, parole or suspension of sentence. The trial court also ordered Defendant to pay court costs or, in default thereof, to serve 30 days' imprisonment, concurrently.
Defendant filed a motion to reconsider sentence. Defendant objected to the sentence "on the ground that it is excessive." The trial court denied that motion. Defendant obtained an out-of-time appeal and now appeals his sentence and conviction.

DISCUSSION

Sufficiency of Evidence
Defendant argues that the evidence is insufficient to sustain his conviction. When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Tate, 01-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 02-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation *1193 of the evidence for that of the fact finder. State v. Pigford, 05-0477 (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La. App.2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
La. R.S. 14:64 provides, in part:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
Mr. Jeffers testified that Defendant was armed with a handgun, that Defendant hit him in the face with the handgun and then pointed the gun at him and said, "Give it up. I ain't playing with you, man, I'm fixing to blow your head off right now if you don't give me that money." Mr. Jeffers said that Defendant then took the money and fled. This testimony, believed by the trier of fact, is sufficient evidence to support the verdict. Defendant contends that the jury should not have believed Mr. Jeffers' testimony because, inter alia, he was not able to identify the specific type of weapon used by the perpetrator, because he admitted that he had been drinking before the incident and because of an alleged discrepancy between statements he made to police and his testimony at trial about the number of perpetrators. Defendant's counsel cross-examined Mr. Jeffers on all of the points raised by Defendant in his brief, and the jury chose to credit Mr. Jeffers' testimony despite the minor imperfections in his recollection. On this record, any rational jury could have found the elements of armed robbery proven beyond a reasonable doubt. We find that this assignment of error is without merit.

Prosecutorial Statements
Defendant submits that he was denied his due process rights in violation of the Fourteenth Amendment of the United States Constitution because of alleged improper statements by the prosecutor. Specifically, he contends that the prosecutor made improper statements relating to the conviction of Defendant's co-conspirator and improperly vouched for the credibility of witnesses.
During opening statements, the prosecutor informed the jury that Defendant's mother, Ms. Davenport, had already been convicted of simple robbery for her role in the robbery of Mr. Jeffers, and defense counsel also referred to that fact while stating that Ms. Davenport's case was on appeal. During closing argument, the prosecutor stated:
You also have to consider the witnesses' credibility with regard to their statements. Their credibility is good. They don't have motive or incentive to lie. If they lie, that's perjury, that's a felony. There is no reason for them to lie. For them to lie on Mr. Davenport would suggest that they have something to get out of this. That's what [defense counsel] is trying to say. No, they are not. There is nothing for them to gain by telling a lie here in open court. They don't gain anything from that.
Defendant argues that these statements amount to the prosecutor improperly vouching for its key witnesses.
Defendant submits that these statements constitute prosecutorial misconduct that amounts to reversible error. As the jury was instructed, however, opening and *1194 closing arguments are not evidence. La. C. Cr. P. art. 774 provides, in part:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
Defense counsel did not object to either of the arguments in question, nor would such an objection have been successful. The conviction of Defendant's mother in connection with this offense was a fact that defense counsel could not dispute, and the credibility of the witnesses was clearly an important issue in the case because of the absence of physical evidence.
In State v. Smith, 554 So.2d 676 (La.1989), overruled on other grounds by State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364, writ denied, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996), the supreme court stated:
[I]t has consistently been held to be reversible error for the prosecutor to express his belief in the guilt of the accused, or the credibility of a key witness, where doing so implies that he has additional knowledge or information about the case which has not been disclosed to the jury.
Commenting on the credibility of the witnesses, however, is proper and within the scope of closing argument where the credibility of the witness is in question and the facts bearing on the witness's credibility appear in the record. State v. Montgomery, 42,835 (La.App.2d Cir.01/09/08), 974 So.2d 110, citing State v. Mims, 39,757 (La.App.2d Cir.6/29/05), 907 So.2d 237 and State v. Sayles, 395 So.2d 695 (La.1981); State v. Brewer, 38,515 (La.App.2d Cir.8/20/04), 880 So.2d 1005, writ denied, 04-2509 (La.2/18/05), 896 So.2d 27. The facts bearing on the witnesses' credibility were explored at length during the trial and the prosecutor's arguments properly focused on those facts and were not an appeal to prejudice or other improper matters. We, therefore, find that this assignment of error is without merit.

Habitual Offender Hearing
Defendant argues that his habitual offender adjudication must be reversed because the State did not file the habitual offender bill until after the multiple offender hearing had already commenced. The record reflects that the prosecutor filed the habitual offender bill of information in the district court on March 14, 2007, although the State had already filed a supplemental discovery response on January 17, 2007, that included the bill of information and minutes of court for Defendant's prior conviction for forgery in Morehouse Parish. Trial of the habitual offender bill was conducted on March 17, 2007, at which time the prosecutor stated that he was then filing the habitual offender bill and calling it for arraignment. Defense counsel stated that he was aware that the prosecutor was going to file a multiple offender bill and that he had received discovery related to the bill. The trial court accepted the filing of the bill and informed Defendant of his right to remain silent and told Defendant that "you are entitled to discovery in connection with this matter within fifteen days of said arraignment." Defense counsel did not object to the late filing of the bill or that he was not given any delay to respond to the bill. The trial court found no prejudice to Defendant in the late filing and found Defendant to be a habitual offender based upon the fingerprint evidence and his prior conviction. Despite the lack of a verbal objection, the trial court stated that it "[n]ote[d] the defense's objection to the Court's ruling for the record."
*1195 La. R.S. 15:529.1(D)(1) provides in part that a defendant shall have 15 days to file objections to a habitual offender bill from the date he denies or refuses to answer the bill. On appeal, Defendant objects to the procedure used in his case, but he made no objection at the time of the occurrence. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. 841. The generic statement by the trial court is insufficient to substitute for a specific objection to the lack of a delay period in this case. Thus, this assignment of error is not properly before this court and need not be addressed on the merits. La. C. Cr. P. art. 841; State v. Sanders, 39,645 (La.App.2d Cir.4/6/05), 900 So.2d 221, writ denied, 05-1634 (La.2/3/06), 922 So.2d 1173. Further, errors in a habitual offender proceeding are subject to harmless error review. State v. Richardson, 39,456 (La.App.2d Cir.3/2/05), 896 So.2d 257, writ denied, 05-0845 (La.11/29/05), 916 So.2d 165, cert. denied, 547 U.S. 1135, 126 S.Ct. 2032, 164 L.Ed.2d 791 (2006). Any error in the late filing of the bill was surely harmless in this case; the State provided to Defendant discovery regarding Defendant's prior conviction two months prior to the hearing and Defendant's attorney was aware that the bill would be filed. We, therefore, find that this assignment of error is without merit.

Excessive Sentence
Defendant urges that his sentence is excessive and that the habitual offender law does not contain a restriction against parole for him.
La. R.S. 14:64 provides, in part:
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
The minimum sentence for armed robbery for a second felony habitual offender is 49 1/2 years' imprisonment at hard labor. La. R.S. 15:529.1; State v. Roshell, 42,398 (La.App.2d Cir.9/26/07), 966 So.2d 770. Since the underlying offense of armed robbery requires the sentence to be imposed without benefit of parole, the habitual offender sentence likewise is to be imposed without parole, despite La. R.S. 15:529.1(G).[1]State v. Thomas, 42,322 (La. App.2d Cir.8/15/07), 962 So.2d 1119, citing State v. Hailey, 41,897 (La.App.2d Cir.2/28/07), 953 So.2d 979, writ denied, 07-1024 (La.11/16/07), 967 So.2d 522. Defendant's assertion that his sentence should not prohibit parole is incorrect.
As in Thomas, supra, Defendant's sentence was only six months longer than the minimum sentence. Where there is a mandatory sentence, there is no need for the trial court to justify, under art. 894.1, a sentence it is legally required to impose. State v. Burd, 40,480 (La.App.2d Cir.1/27/06), 921 So.2d 219, writ denied, 06-1083 (La.11/9/06), 941 So.2d 35; State v. Koon, 31,177 (La.App.2d Cir.2/24/99), 730 So.2d 503.
As this court observed in Thomas, supra:
The Louisiana Supreme Court has stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana Constitution. However, that power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is *1196 excessive. State v. Thomas, [41,734 (La. App.2d Cir.1/24/07), 948 So.2d 1151].
Since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, XXXX-XXXX (La.3/4/98), 709 So.2d 672; State v. Gay, 34,371 (La. App.2d Cir.4/4/01), 784 So.2d 714. The courts have held that the burden is on Defendant to rebut the presumption that a mandatory minimum sentence is constitutional. To do so, Defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, supra; State v. Gay, supra; State v. Thomas, supra.

Defendant not only pointed a gun at Mr. Jeffers, but verbally threatened to kill him if he did not comply with Defendant's demands. Although Defendant's prior offense was a nonviolent forgery, Defendant's minimum sentence is appropriate and is not excessive.

Error Patent
On error patent review, we find that the trial court erred in ordering Defendant to serve 30 days in jail in default of payment of court costs. An indigent defendant cannot be subjected to default time in lieu of the payment of a fine, costs or restitution. State v. Mack, 30,832 (La.App.2d Cir.6/24/98), 715 So.2d 126; State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991), writ denied, 590 So.2d 1197 (La. 1992). Indigence may be discerned from the record. State v. Conway, 604 So.2d 205 (La.App. 2d Cir.1992), writ denied, 610 So.2d 797 (La.1993). Defendant was initially represented at trial by the Indigent Defender's Office. The Indigent Defender's Office was later excused and Defendant was represented by a court-appointed attorney. On appeal, he was represented by the Louisiana Appellate Project. Thus, we conclude that he was and still is indigent. We, therefore, find that the imposition of jail time in lieu of payment of court costs was illegal, and we amend the sentence to delete that portion providing for the additional 30 days' incarceration.

CONCLUSION
For the reasons set forth above, we affirm the conviction of Defendant, Antonio Davenport. We amend his sentence to delete the additional 30 days' incarceration in default of payment of court costs and affirm the sentence as amended.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
APPLICATION FOR REHEARING
Before BROWN, C.J., and GASKINS, PEATROSS, DREW and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] La. R.S. 15:529.1(G) provides, "Any sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence."