WILLIAMS, J.
|, The defendant, Landford Payne, was charged by amended bill of information with two counts of armed robbery with a firearm, violations of LSA-R.S. 14:64 and 14:64.3, two counts of attempted second degree murder, violations of LSA-R.S. 14:30.1 and 14:27, and two counts of possession of a firearm by a convicted felon, violations of LSA-R.S. 14:95.1. The charges involved two separate shooting incidents in June and July 2010. After a jury trial, the defendant was found guilty of attempted second degree murder and possession of a firearm by a convicted felon, but was acquitted of armed robbery for the June 2010 shooting. He was found guilty of attempted second degree murder, attempted armed robbery and possession of a firearm by a convicted felon, for the July 2010 shooting.
After a hearing, the defendant was adjudicated a second-felony offender. For the offenses committed in June 2010, the trial court sentenced defendant to serve 50 years without benefit of parole, probation, or suspension of sentence for attempted second degree murder and 20 years without benefit for possession of a firearm by a convicted felon, with these sentences to *177 run concurrently. Regarding the offenses of July 2010, the trial court sentenced defendant to serve 50 years without benefit of parole, probation, or suspension of sentence for attempted second degree murder, 20 years without benefit for possession of a firearm by a convicted felon and 20 years without benefit for attempted armed robbery, with an additional 5 years for use of a firearm. These sentences were ordered to run concurrently with each other, but consecutively to the concurrent sentences imposed for the June 2010 offenses. The defendant now appeals. For the |2following reasons, we affirm each of defendant’s convictions and the sentences imposed for the attempted second degree murder offenses; we vacate the sentences for attempted armed robbery, possession of a firearm by a convicted felon and the imposition of jail time for failure to pay restitution and fines. We remand for resentencing.
FACTS
The first incident involving the defendant occurred on June 15, 2010. According to the testimony of Jason Weeks, he was sitting on the porch of a house on Short Washington Street in Monroe, waiting for a friend to return when a vehicle stopped in front of the house. The defendant exited the vehicle and approached Weeks demanding drugs or money. When Weeks refused, defendant pointed a handgun at him and again demanded money. Weeks gave defendant some of his money, but refused the demand for more. The defendant, who was standing three feet away, then fired multiple shots at Weeks. After being shot, Weeks ran out of the house to a nearby convenience store, where he collapsed on the floor. Police responded to the scene and Weeks was taken to the hospital for treatment of gunshot wounds to his chest, arm and back. While he was recovering in the hospital, Weeks saw defendant’s photograph on a news report about his arrest for a shooting that occurred near the location where Weeks had been shot. Weeks recognized the defendant as the person who had shot him and contacted the police with this information.
Regarding the second shooting incident, the trial testimony showed that on July 1, 2010, Jerry Lee Greer was with a group of friends at a house |aon Adams Street in Monroe. At approximately 5:45 p.m., the defendant rode up to the residence on a bicycle and called to Greer, who had previously met defendant. They were standing near the side of the house when the defendant pulled a gun and demanded Greer’s money. The defendant said, “I’ve got to have it,” asked if Greer was willing to die and then said, “I’m going to ask you one more time.” Before Greer could react, the defendant shot him one time. After the victim fell to the ground, defendant went through his pockets and then rode away on his bicycle. Another neighbor heard the gunshot, saw defendant holding a black handgun and telephoned the police while following the defendant as he fled the scene. The witness kept the defendant in sight and was able to direct officers to the defendant’s location. When the defendant was arrested, he was in possession of a handgun and was carrying $5.00 on his person. The detective working the case took statements from three individuals who actually saw defendant fire the gun. There were seven others who heard the shot or saw the defendant with a gun in his hand prior to the shooting. The handgun in defendant’s possession when he was arrested was determined to be the weapon that fired the cartridge casings found at the scenes of both shootings.
With regard to each shooting incident, the defendant was charged with armed robbery with a firearm, attempted second *178 degree murder and possession of a firearm by a convicted felon, for a total of six counts. The jury acquitted defendant of the armed robbery of Weeks, but found him guilty of two counts of attempted second degree murder, the attempted 14armed robbery of Greer and two counts of possession of a firearm by a convicted felon. After a hearing, the trial court adjudicated the defendant a second-felony offender. As for the offenses committed on June 15, 2010, the trial court sentenced defendant to serve 50 years without benefit for attempted second degree murder and 20 years without benefit for possession of a firearm by a convicted felon, with these sentences to run concurrently. Regarding the offenses of July 1, 2010, the trial court sentenced defendant to serve 50 years without benefit for attempted second degree murder, 20 years without benefit for possession of a firearm by a convicted felon and 20 years without benefit for attempted armed robbery, with an additional 5 years for use of a firearm. These' sentences were ordered to run concurrently with each other, but consecutively to the concurrent sentences imposed for the June 2010 offenses. Additionally, the defendant was ordered to pay a fine of $1,000 for each count of possession of a firearm by a convicted felon, and $500 in restitution to the victim of the attempted armed robbery, or in default thereof, serve an additional 180 days. This appeal followed.
DISCUSSION
The defendant contends the trial court erred in imposing excessive sentences. Defendant argues that less harsh sentences would accomplish the goals of punishment and rehabilitation. Because we have noted error patent regarding the sentences for the convictions of possession of a firearm by a convicted felon and attempted armed robbery, we shall consider this assignment only with respect to the sentences imposed for attempted second degree murder.
|fiAn appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276,(La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Black, 28,100 (La.App.2d *179 Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:30.1(B). Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than 10 years nor more than 99 years, without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:64. Whoever is found guilty of possession of a firearm by a convicted felon shall be imprisoned at hard labor for not less than 10 years nor more than 20 years, without benefit of parole, probation or suspension of sentence and be fined not less than $1,000. LSA-R.S. 14:95.1(13).
LSA-R.S. 14:27 provides, in pertinent part:
(l)(a) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence.
[[Image here]]
(3) In all other eases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
Any person who is convicted of a second felony, for which a first conviction would be punishable by imprisonment for a term less than his natural life, shall be sentenced to imprisonment for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. LSA-R.S. 15:529.1(A). Because defendant |7is a second-felony offender, the sentencing range for attempted second degree murder was 25 to 100 years at hard labor without benefit of parole, probation or suspension of sentence.
Prior to imposing sentencing, the trial court reviewed a presentence investigation (PSI) report, which listed defendant’s three prior felony convictions for illegal possession of stolen things, aggravated assault on a peace officer and armed robbery. At the time of sentencing, the defendant also had a pending simple battery charge. In considering the guidelines of Article 894.1, the court found that there was an undue risk the defendant would commit another crime during a period of suspended sentence and probation, that the defendant was in need of correctional treatment that could be provided most effectively by his commitment to an institution and that a lesser sentence would deprecate the seriousness of his offenses.
Regarding the defendant’s social history, the court noted his educational and work background, but found no mitigating factors present in this case. The court stated that defendant’s commission of these offenses only six months after his release from prison was “particularly troubling.”
The record demonstrates that the trial court took cognizance of the sentencing guidelines and tailored the sentences imposed for the attempted second degree murder offenses to this specific defendant. Based upon the facts of this case, where the defendant shot unarmed individuals without provocation, and in light of defendant’s violent criminal history, the trial court did not abuse its discretion in imposing these consecutive 50-year sentences, which are not grossly disproportionate to the seriousness of the | Roffenses committed. Thus, we cannot say the sentences imposed for the convictions of attempted second degree murder are constitutionally *180 excessive. The assignment of error lacks merit.

Pro se Assignment of Error: Right to Confrontation

The defendant contends the state violated his Sixth Amendment right to be confronted by the witnesses against him. Defendant argues that his right to confront witnesses was denied when he was not allowed an opportunity to question Melvin Newton at trial and the custodian of records at the multiple offender hearing.
The Confrontation Clause of the Sixth Amendment provides that in “all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.” U.S. Const, amend. VI; Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The United States Supreme Court has held that out-of-court testimonial statements by a witness are not admissible under the Confrontation Clause, unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination. Crawford, supra. The Confrontation Clause applies to witnesses, those who “bear testimony,” against the accused. Testimony is a solemn declaration made for the purpose of proving some fact. An accuser who makes a formal statement to government officers bears testimony. Crawford, supra.
The defendant argues in his brief that he should have been afforded an opportunity to confront Newton, because his statements were mentioned at trial. Defendant’s argument is not supported by Crawford, supra, in |3which the declarant’s recorded statement was admitted into evidence against Crawford at trial. Here, in contrast, the police detective who investigated Greer’s shooting mentioned Newton’s statement at trial only to indicate how defendant was apprehended during the investigation. Thus, unlike the situation in Crawford, Newton’s recorded statement was not admitted into evidence against the defendant at trial and so did not involve his right to confront witnesses. Defendant’s argument lacks merit.
The defendant also contends the trial court erred in admitting the penitentiary packet (“pen pack”) during his habitual offender hearing without allowing him an opportunity to cross-examine the custodian of records. Defendant argues that he was denied his right to confront a witness against him because the custodian’s affidavit was a testimonial statement made to prove some fact.
LSA-R.S. 15:529.1(F) provides that certain documents “shall be prima facie evidence of the imprisonment and of the discharge” of the person charged as a multiple offender. These documents include the certificates of the chief officer of any state prison or penitentiary, or of the clerk of the court of conviction, containing the name of the person imprisoned, the photograph and the fingerprints of the person as they appear in his records, a statement of the court of conviction, the date and time of sentence, the length of time imprisoned and the date of discharge. State v. Hunt, 573 So.2d 585 (La.App. 2d Cir.1991).
In support of his position, the defendant cites Melendez-Diaz v. Massachusetts, 557 U.S. 305, 321, 129 S.Ct. 2527, 2538, 174 L.Ed.2d 314 (2009), in which the court held that laboratory analysts’ affidavits reporting the results of forensic testing were testimonial statements, such that the analysts were “witnesses” for the purposes of the Sixth Amendment. However, unlike the affidavits at issue in Melendez-Diaz, supra, the custodian’s affidavit in this case did not assess evidence to be used against the defendant, but merely certified that *181 the documents provided were accurate copies of the original records of the Department of Public Safety and Corrections regarding the defendant. Pursuant to Section 529.1(F), the “pen pack” was admissible and the trial court did not err in determining that the custodian of records was not required to testify. Thus, the assignment of error lacks merit.

Pro se Assignment of Error: Ineffective Assistance of Appellate Counsel

The defendant contends his appellate attorney was ineffective. Defendant argues that he was deprived of a meaningful appeal by his attorney’s failure to present valid claims for appellate review.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief (“PCR”) in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentia-ry hearing under LSA-C.Cr.P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Ellis, 42,520 (La.App.2d Cir.9/26/07), 966 So.2d 139, writ denied, 07-2190 (La.4/4/08), 978 So.2d 325. When the record is sufficient, this issue may be resolved on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La.App.2d Cir.9/27/95), 661 So.2d 673.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his attorney was ineffective, the defendant first must show that counsel’s performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. The relevant inquiry is whether counsel’s representation fell below the standard of reasonableness and competency required by prevailing professional standards demanded for attorneys in criminal cases. Strickland, supra. The assessment of an attorney’s performance requires his conduct to be evaluated from counsel’s perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel’s judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Grant, 41,745 (La.App.2d Cir.4/4/07), 954 So.2d 823, writ denied, 2007-1193 (La.12/7/07), 969 So.2d 629; State v. Moore, 575 So.2d 928 (La.App. 2d Cir.1991).
Second, the defendant must show that counsel’s deficient performance prejudiced his defense. This element requires a showing the errors were so serious as to deprive the defendant of a fair trial, ie., a trial |12whose result is reliable. Strickland, supra. The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel’s unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland, supra; State v. Pratt, 26,862 (La.App.2d Cir.4/5/95), 653 So.2d 174, writ denied, 95-1398 (La.11/3/95), 662 So.2d 9.
In this case, the defendant alleges in his pro se brief that his appellate attorney’s performance was deficient because counsel presented only a “frivolous” excessive sentence claim, despite having access *182 to the record for an extended period of time. Defendant contends that based upon this record, his appellate counsel should have raised ineffective assistance of trial counsel as error. However, defendant’s assertions are not supported by the record.
Although the defendant mentions various issues he believes were omitted or overlooked by his trial attorney, there is no showing that his counsel’s performance was deficient. The evidence presented at trial against the defendant was strong, considering that both victims positively identified defendant as the person who demanded their money while armed with a handgun and who shot them at close range. In addition, defendant was arrested with a handgun that was determined to have fired the shell casings found at the scene of each shooting. The trial transcript demonstrates that defendant’s attorney thoroughly cross-examined each of the state’s witnesses and was able to highlight for the jury the | ^inconsistencies in their testimony. Based on the defense attorney’s performance during the trial, after which the jury acquitted defendant of the armed robbery of Weeks and found him guilty of the lesser offense of attempted armed robbery of Greer, the record does not show a lack of trial preparation. Despite defendant’s assertion that his trial attorney should have located the owner of the house where Weeks was shot, there is no explanation as to how that information would have negated the evidence that defendant was the shooter.
Based upon this record, defendant has not shown that his appellate counsel was ineffective in failing to assign as error the ineffective assistance of trial counsel. Nor has defendant shown that his appellate attorney should have presented the claim that he was denied the right to confront the witnesses against him. As we previously stated, that claim lacks merit. Thus, defendant has failed to demonstrate that but for counsel’s failure to raise these claims, there is a reasonable probability that this appeal would have resulted in the reversal of his convictions. Consequently, defendant has not satisfied his burden of proving that he was denied effective assistance of counsel on appeal. The assignment of error lacks merit.

Error Patent

Defendant’s final assignment is a request for this Court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. LSA-C.Cr.P. art. 920; State v. Jefferson, 47,009 (La.App.2d Cir.8/7/12), 91 So.3d 1007.
A sentence imposed under LSA-R.S. 14:95.1 may be enhanced under 114the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information. State v. Baker, 2006-2175 (La.10/16/07), 970 So.2d 948; State v. Brooks, 43,613 (La.App.2d Cir.10/29/08), 997 So.2d 688, writ denied, 2008-2973 (La.12/18/09), 23 So.3d 930.
In this case, the record shows that in April 2000, defendant was convicted of armed robbery and aggravated assault of a police officer in Orleans Parish. After defendant’s arrest for the present crimes, the state used the convictions in 2000 to meet one of the elements of the offense of possession of a firearm by a convicted felon. After trial, the state filed the “Motion For Sentencing Defendant As A Habitual Offender” listing the same prior convictions for armed robbery and aggravated assault of a police officer as the predicate offense. The case number listed is the same in both the bill of information and the state’s motion.
*183 Because the convictions are the same, the defendant’s sentences for possession of a firearm by a convicted felon may not be enhanced based on LSA-R.S. 15:529.1. Accordingly, the defendant’s sentences for possession of a firearm by a convicted felon shall be vacated and the matter remanded to the trial court for resentencing pursuant to LSA-R.S. 14:95.1.
In reviewing the record for error patent, we note that the 20-year sentence imposed for defendant’s conviction of attempted armed robbery is illegally lenient. For a second felony offender, the sentencing range for attempted armed robbery is 24.75 years to 99 years. Although neither the Instate nor the defendant raised this issue in either the district court or on appeal, this Court may notice illegally lenient sentences on error patent review. LSA-C.Cr.P. art. 882; State v. Smith, 44,011 (La.App.2d Cir.4/8/09), 7 So.3d 855; State v. Zeigler, 40,673 (La.App.2d Cir.1/25/06), 920 So.2d 949. Accordingly, we vacate the sentence for attempted armed robbery and remand for resentenc-ing in compliance with the habitual offender statute.
We also note that defendant’s sentences for each count of possession of a firearm by a convicted felon and for attempted armed robbery include jail time in default of payment of fines and restitution. An indigent defendant cannot be subjected to default jail time in lieu of the payment of a fine, costs, or restitution. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Fortune, 46,522 (La.App.2d Cir.9/21/11), 72 So.3d 1000; State v. Davenport, 43,101 (La.App.2d Cir.3/19/08), 978 So.2d 1189, writ denied, 2008-1211 (La.1/30/09), 999 So.2d 748; State v. Tillman, 43,569 (La.App.2d Cir.10/22/08), 997 So.2d 144, writ denied, 2008-2836 (La.9/25/09), 18 So.3d 85; State v. Kerrigan, 27,846 (La.App.2d Cir.4/3/96), 671 So.2d 1242.
A defendant’s claim of indigence may be discerned from the record. Davenport, supra; Tillman, supra. Where a defendant is represented by the Indigent Defender’s Office, a court-appointed attorney, and the Louisiana Appellate Project, the court may conclude that the defendant is indigent. See Fortune, supra; Davenport, supra; Tillman, supra; Kerrigan, supra. The record shows that defendant is indigent, so that he cannot be sentenced [1fito serve jail time because he is unable to pay a fine. Therefore, we vacate that portion of the defendant’s sentences imposing additional jail time for the failure to pay fines and restitution.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s convictions and the sentences imposed for the attempted second degree murder offenses. The imposition of jail time in lieu of paying fines and restitution is vacated; defendant’s sentences for possession of a firearm by a convicted felon and attempted armed robbery are vacated and this matter is remanded to the trial court for resentencing consistent with this opinion.
CONVICTIONS AFFIRMED; SENTENCES FOR ATTEMPTED SECOND DEGREE MURDER AFFIRMED; SENTENCES FOR POSSESSION OF FIREARM BY A CONVICTED FELON AND ATTEMPTED ARMED ROBBERY VACATED; IMPRISONMENT IN LIEU OF PAYMENT OF FINES VACATED; REMANDED FOR RESENTENCING.