STEWART, J.
hThe defendant, Allen Ray Arkansas, pled guilty to three counts of distribution of cocaine. The trial court imposed concurrent sentences of 18 years at hard labor on each count, with the first two years of each count to be served without benefit of probation, parole, or suspension of sentence. The trial court also ordered him to pay a fine of $5,000 and court costs for each count, or to serve 60 days in lieu of payment. The defendant now appeals his sentences as excessive. He also argues that because he is indigent, he cannot be sentenced to serve jail time in lieu of payment of the fine. For the following reasons, we affirm his convictions and sentences but vrith amendment to vacate the portion which imposes jail time in lieu of payment of the fine and court costs.
FACTS
On October 26, 2010, the defendant was charged by bill of information with three counts of distribution of cocaine. Following a preliminary examination hearing, the state amended the bill to charge the defendant with five counts of distribution of cocaine. The offenses occurred between January 20 and May 24, 2010.
The indigent defender was appointed to represent the defendant. However, a private attorney appeared ready to enroll on the defendant’s behalf on the day of the scheduled trial. The trial court refused to grant a continuance in the event the new attorney enrolled. Therefore, the defendant proceeded with appointed counsel and entered a plea of guilty to three counts of distribution of cocaine. In exchange for the plea, the state dismissed the other two counts.
|2On May 23, 2011, the trial court sentenced the defendant to concurrent sentences of 18 years at hard labor on each count, with the first two years of each sentence to be served without benefits. The defendant was given credit for time served. The trial court also ordered that the defendant pay a fine of $5,000, plus court costs, or serve 60 days in jail in lieu of payment.
The defendant filed a motion to reconsider the sentences, which he argued are excessive. The trial court denied the motion. In this appeal, the defendant again asserts that his sentences are excessive.
DISCUSSION
The test for determining the ex-cessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court need not list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Key, 46,119 (La.App.2d Cir.3/2/11), 58 So.3d 578, writ denied, 2011-0594 (La.10/7/11), 71 So.3d 310. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.9/18/09), 17 So.3d 388.
The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, |.^employment record), prior criminal record, seriousness of the offense, *462 and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); Key, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/18/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
For the second prong, the court must determine whether the sentence violates La. Const. Art. I, § 20, because it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion to impose even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; Key, supra. Absent a showing of manifest abuse of discretion, this court may not set aside a sentence as excessive. State v. Guzman, 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158; State v. Elmore, 46,833 (La.App.2d Cir.12/14/11), 80 So.3d 731, writ denied, 2012-0006 (La.4/27/12), 86 So.3d 627.
Distribution of cocaine carries a sentence of imprisonment at hard labor for not less than two years nor more than 30 years, with the first two years to be served without benefit of parole, probation, or suspension of sentence. The sentence may also include a fine of not more than $50,000. La. R.S. 40:967(B)(4)(b).
Though the defendant argues that the trial court did not adequately consider his age, poor health, addiction, and depression, the record shows that the trial court considered both mitigating and aggravating factors in imposing the sentences. As mitigating factors, the trial court considered the defendant’s health issues, including that he was 51 years old, had depression and high blood pressure, and had suffered a stroke. The defendant informed the trial court that he is an “addicted person.”
As aggravating factors, the trial court considered that the defendant had actually committed five counts of distribution of cocaine and that he had an extensive criminal history. The defendant’s criminal history includes attempted felony theft, illegal possession of stolen things (which was reduced from felony theft), simple criminal damage to property, misdemeanor theft, simple battery, felony theft, misdemeanor-grade illegal possession of stolen things, possession of drug paraphernalia, and simple burglary. He also had an aggravated battery charge that was dismissed. The defendant’s probation on prior offenses had been revoked on a few occasions, and he had failed to attend substance abuse counseling. The trial |5court noted that the defendant’s criminal record included “somewhat assaultive behavior, not extremely violent or extremely bad.”
Considering both the aggravating and mitigating factors, the trial court determined that a period of incarceration was warranted. In imposing the three concurrent 18-year sentences, with the first two year of each being without benefits, the trial court noted that he would have im *463 posed more prison time if the defendant’s health had been better. The defendant’s sentences fall within the middle of the sentencing range for the pled offenses of distribution of cocaine. Moreover, the defendant received significant benefits from his plea bargain in that the state dismissed two the counts and did not charge him as a multiple offender. If charged as a multiple offender, the defendant would have faced life in prison.
Under the facts and circumstances, we do not find the concurrent sentences of 18-years at hard labor, with the first two years of each to be served without benefits, to be excessive.
The defendant also argues that because he is indigent, the trial court erred in imposing additional jail time in lieu of payment of the fine. We find merit in this argument.
An indigent defendant cannot be subjected to default jail time in lieu of the payment of a fine, costs, or restitution. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Cooper, 47,051 (La.App.2d Cir.5/2/12), — So.3d-; State v. Fortune, 46,522 (La. App.2d Cir.9/21/11), 72 So.3d 1000; State v. Davenport, 43,101 (La.App.2d Cir.3/19/08), 978 So.2d 1189, writ denied, 2008-1211 (La.1/30/09), 999 So.2d 748; State v. Tillman, 43,569 (La.App.2d Cir.10/22/08), 997 So.2d 144, writ denied, 2008-2836 (La.9/25/09), 18 So.3d 85; State v. Kerrigan, 27,846 (La.App.2d Cir.4/3/96), 671 So.2d 1242.
A defendant’s claim of indigence may be discerned from the record. Cooper, supra; Davenport, supra; Tillman, supra. Where a defendant is represented by the Indigent Defender’s Office, a court-appointed attorney, and the Louisiana Appellate Project, the court may conclude that the defendant is indigent. See Fortune, supra; Davenport, supra; Tillman, supra; Kerrigan, supra.
Even though a private attorney attempted to enroll on the defendant’s behalf on the date of a scheduled trial, the enrollment did not occur. Nothing in the record indicates that it was the defendant who obtained the services of the private attorney. Instead, the defendant was represented by a public defender before the trial court for purposes of his plea and is represented by the Louisiana Appellate Project on appeal. We discern the defendant’s indigency from the record. Accordingly, we find that the trial court abused its discretion in imposing jail time in lieu of the payment of the fine and court costs by this indigent defendant, and we vacate that part of the sentence.
CONCLUSION
For the reasons stated, we affirm the defendant’s conviction for three counts of distribution of cocaine and that part of his sentence requiring him to serve concurrent 18 years at hard labor on each count, with the first two years of each count to be served without benefits of probation, parole, or |7suspension of sentence. However, we amend the sentence by vacating that portion requiring the defendant to serve 60 days in lieu of payment of a $5,000 fine and court costs. As amended, the sentences are affirmed.
CONVICTIONS AFFIRMED. SENTENCES AMENDED and AFFIRMED AS AMENDED.
GASKINS, J., concurring in part and dissenting in part.