CARAWAY, J.
_JjEvelence Z. Price[1] was charged with one count of possession with intent to distribute marijuana, in violation of La. R.S. 40:966, and one count of possession of cocaine, in violation of La. R.S. 40:967, as a result of acts occurring on August 25, 2012. After a unanimous jury convicted him on both counts, Price was sentenced to concurrent sentences of 30 years at hard labor for the marijuana conviction and five years at hard labor for the cocaine conviction After the denial of a timely motion to reconsider sentence, this appeal by Price followed. We affirm Price’s convictions, *993 amend his sentences to delete default jail time, and as amended, affirm.

Facts

On August 25, 2012, an off-duty police officer observed Price standing in front of a convenience store selling illegal drugs out of a trash can. Police arrived and detained Price. Thereafter, in the trash can, police found a brown paper bag containing nine plastic bags of marijuana and a small amount of cocaine. Price was arrested and charged with possession with intent to distribute marijuana and possession of cocaine. At the conclusion of his one-day trial, a jury found Price guilty as charged.
Price’s motions for a new trial and post-verdict judgment of acquittal were denied on April 23, 2013. On that same day, Price was sentenced. Prior to imposing sentence, the trial court informed Price of the sentencing range for both offenses of conviction. Further, the court made the following statements:
|2Okay. I remember this one because you were offered a pretty dang good deal, and you turned it down. You were selling drugs out of a trash can at a convenience store.
Mr. Price, under the factors of 894.1, the Court has reviewed those, this is an enterprise that you were engaging in to make money obviously. You have also got a second-degree battery charge that was a felony that you pled guilty to. I count about five of them, five prior felonies from 1989 possession of cocaine, 1991 attempted possession of a firearm by a convicted felon, second-degree battery 1995, possession of Schedule II cocaine in 2001, possession of marijuana second offense in 2002 and now the possession with intent to distribute Schedule I marijuana and the possession of Schedule II cocaine.
Mr. Price, at some point in time it’s got to stop, you know. They are going to multibill you anyway, Mr. Price, okay? They are already getting the multibill ready for you, Mr. Price. Having five priors that’s not good. I mean you don’t leave me any choice, you know.
Price was then sentenced to 30 years at hard labor for possession of marijuana with intent to distribute, with a $10,000 fíne and court costs or 60 days default jail time, and a concurrent sentence of five years at hard labor for the possession of cocaine conviction with a $5,000 fine and court costs or 60 days default jail time.[2]
On May 16, 2013, Price filed a motion to reconsider his sentence arguing that the imposed maximum sentences were excessive on the grounds that the trial court failed to give adequate consideration to aggravating and mitigating factors, including Price’s age. The motion was denied on May 20, 2013. This appeal ensued.

|sDiscussion

Price asserts that the imposed sentence terms are disproportionate to the severity of the crimes and that the trial court’s failure to consider any mitigating factors including his social, educational or employment history shows that the sentences were not tailored to him.
At the time of the offenses, the penalty for possession with intent to distribute marijuana was a sentence of 5 to 30 years at hard labor and a fine of not more than $50,000. La. R.S. 40:966(B)(3). The sentence for possession of cocaine was a maximum of 5 years, with or without hard *994 labor, and an optional fíne not to exceed $5,000. La. R.S. 40:967(0(2).
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,633 (La.App.2d Cir.11/3/10), 55 So.3d 56, writ denied, 10-2853 (La.11/18/11), 75 So.3d 454. The important elements that should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); Dillard, supra.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir.11/3/10), 55 So.3d 90.
We find adequate La.C.Cr.P. art. 894.1 compliance by the trial court. Although not specifically mentioning its consideration of Price’s personal history, the court expressly referred to the guidelines and recited relevant factual considerations. The court also noted Price’s criminal record and the facts of the offense, which included the sale of drugs and Price’s lack of rehabilitation. Thus, an adequate factual basis for the sentence has been shown.
Likewise, we find the imposed sentences adequately tailored to Price. Price’s criminal record included five prior felonies, which included two previous possession of cocaine convictions and one possession of marijuana offense. For those previous offenses, Price faced potential multiple billing. He has obviously failed to benefit from prior leniency in sentencing and has continued in the same pattern of criminal activity for a 20-year period, escalating his activities from possession to sale of illegal drags. His lack of rehabilitation is evidenced by these facts which also qualify Price as the worst type of offender for which these maximum sentences are appropriate. For these reasons, we find no abuse of discretion in the sentences imposed.
LWe note one error patent. The trial court ordered Price to serve 60 days in jail in default of payment of court costs for both sentences. An indigent defendant cannot be subjected to default time in lieu of the payment of a fine, costs or restitution. State v. Lewis, 48,373 (La.App.2d Cir.9/25/13), 125 So.3d 482. A defendant’s claim of indigence in such a situation may be discerned from the record. State v. Arkansas, 47,317 (La.App.2d Cir.8/8/12), 104 So.3d 459, writ denied, 12-1996 (La.3/15/13), 109 So.3d 374. Price’s indigence has been shown by his representation at trial by the Indigent Defender’s Office, and his current representation on appeal by the Louisiana Appellate Project. Thus, the imposition of default time was in error. Therefore, this court modifies Price’s sentences to delete the imposition *995 of default jail time for failure to pay court costs.

Conclusion

For the above reasons, Price’s conviction is affirmed. We delete those portions of Price’s sentences that impose default jail time, and as amended, affirm.
AFFIRMED AS AMENDED.

. In prior criminal proceedings, Price was also referred to as Efrem Zimblence Price.

. The trial court did not and was not required to order a presentence investigation report. State v. Bell, 377 So.2d 275 (La.1979); State v. Collins, 32,409 (La.App.2d Cir.9/22/99), 763 So.2d 618. Such an investigation is an aid to the court and not a right of the accused. The trial court’s failure to order a PSI will not be reversed absent an abuse of discretion. Id.