CARAWAY, J.
11 Charley Cobb was charged with possession of Xanax (Alprazolam) in violation of La. R.S. 40:969(C). Following a jury trial, Cobb was found guilty as charged. She was sentenced to five years at hard labor, concurrent with any other sentence, a $500 fine, court costs and substance abuse treatment. In default of payment, Cobb was ordered to serve 60 days in jail. Cobb now appeals the conviction and sentence. We affirm the conviction and *910 amend the sentence to delete the default jail time.

Facts

On April 1, 2013, officers of the Shreveport Police Department attempted execution of an arrest warrant for Joseph Cobb at his home in Shreveport Louisiana. Charley Cobb, Joseph Cobb’s sister, and her boyfriend, Michael Moore, were present in the home and allowed the officers to enter and unsuccessfully search the residence for Joseph Cobb. When asked, Cobb also gave the officers consent to search the residence and her purse. In Cobb’s purse, officers found two, orange oval-shaped pills marked G-3720.[1] Using a pill identifier application on a cell phone, the officers determined that the pills were Alprazolam or Xanax. Although Cobb told the officers she had a prescription for the pills, she failed to produce one. Cobb was charged with possession of a Schedule IV controlled dangerous substance in violation of La. R.S. 40:969.
|2A jury trial commenced on September 24, 2013, and Cobb was found guilty as charged. She filed motions for post-verdict judgment of acquittal and new trial which were denied. Cobb appeared for sentencing on October 31, 2013, when the presentence investigation report (“PSI”) was not yet complete. Noting its intent to get Cobb on “DOC time” to begin drug rehabilitation, the trial court sentenced her to five years’ imprisonment at hard labor, with credit for time served, concurrent with any other sentence. Additionally, the trial court ordered her to pay a $500 fine and court costs or serve an additional 60 days in jail. Finally, the trial court ordered that she participate in a drug treatment and rehabilitation program. Cobb did not file a motion to reconsider sentence.[2] On December 19, 2013, the trial court granted Cobb’s motion for appeal as an indigent.
On appeal, Cobb raises two assignments of error. She contends that the evidence was insufficient to convict her because the State failed to prove that she possessed the drug illegally. She also argues that the imposed maximum sentence is unduly harsh and excessive.

Sufficiency of the Evidence

A claim of insufficient evidence is determined by whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review, the appellate court considers whether, after viewing the evidence in the light most favorable to the prosecution, any | srational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson, supra; State v. Tate, 01-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Crossley, 48,149 (La.App.2d Cir.6/26/13), 117 So.3d 585, writ denied, 13-1798 (La.2/14/14), 132 So.3d 410. The appellate court does not assess the credibility of witnesses or reweigh evidence, and gives great deference to the jury’s decision to accept or reject the testimony of a witness or the weight the jury gives to direct or *911 circumstantial evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442; State v. Hill, 47,568 (La.App.2d Cir.9/26/12), 106 So.3d 617; State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 09-0725 (La.12/11/09), 23 So.3d 913, cert. denied, 561 U.S. 1013, 130 S.Ct. 3472, 177 L.Ed.2d 1068 (2010).
It is unlawful for anyone to knowingly possess a Schedule IV, controlled dangerous substance without a valid prescription. La. R.S. 40:969(C). Alprazolam is a Schedule IV controlled dangerous substance. La. R.S. 40:964.
Guilty knowledge is an essential element of the possession charge and can be inferred from the circumstances. State v. Towps, 01-1875 (La.10/15/02), 833 So.2d 910; State v. Anderson, 36,969 (La.App.2d Cir.4/9/03), 842 So.2d 1222.
La. R.S. 40:990 provides that:
A. It shall not be necessary for the state to negate any exemption or exception set forth in this part in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this part, and the burden of |4proof of any such exemption or exception shall be upon the person claiming its benefit.
B. In the absence of proof that a person is the duly authorized holder of an appropriate registration or order form issued under this part, he shall be presumed not to be the holder of such registration or form, and the burden of proof shall be upon him to rebut such presumption.
La. R.S. 40:991 states that:
A. An individual who claims possession of a valid prescription for any controlled dangerous substance as a defense to a violation of the provisions of the Uniform Controlled Dangerous Substances Law shall have the obligation to produce sufficient proof of a valid prescription to the appropriate prosecuting office. Production of the original prescription bottle with the defendant’s name, the pharmacist’s name, and prescription number shall be sufficient proof of a valid prescription as provided for in this Section.
B. As used in this Section, “controlled dangerous substance” shall have the same meaning as provided in R.S. 40:961(7) and “prescription” shall have the same meaning as provided in R.S. 40:961(33).
C. Any individual who claims the defense of a valid prescription for any controlled dangerous substance shall raise this defense before commencement of the trial through a motion to quash.
Once the state proves that the defendant had possession of the scheduled substance, the burden shifts to the defendant to prove the affirmative defense that he possessed the drug pursuant to a valid prescription. State v. Lewis, 427 So.2d 835 (La.1982); State v. Hilsher, 11-1981 (La.App. 1st Cir.5/2/12), 2012 WL 1552269; State v. Charles, 11-628 (La.App. 3d Cir. 12/7/11), 2011 WL 6077830; State v. Blazio, 09-851 (La.App. 5th Cir.6/29/10), 44 So.3d 725, writ denied, 10-1781 (La.2/4/11), 57 So.3d 310; State v. Ducre, 604 So.2d 702 (La.App. 1st Cir.1992).
Is At trial, each of the four responding officers testified as set forth in the facts above. The officers attempted to execute an arrest warrant for Cobb’s brother and instead encountered the defendant and her boyfriend in the home. Cobb gave consent to search not only the house, but her purse as well. In it, officers found what was later identified as Zanax. The defense stipulated to the authenticity of the crime lab report which indicated that the pills found in Cobb’s purse were in fact Al-prazolam or Xanax. The pills, the property report showing the chain of custody, *912 and the certified crime lab report were all entered into evidence.
After the state rested, Cobb called Michael Moore to testify.[3] Moore testified that Cobb was his girlfriend of almost eight years. He said that he would sometimes put things in Cobb’s purse without her permission, including his wallet, his keys, and his medication, Xanax. When asked if he put anything into Cobb’s purse in April 2013, he asserted his Fifth Amendment rights. The defense rested.
When viewed in the light most favorable to the state, we find this evidence sufficient to establish that Cobb knowingly possessed a Schedule IV, controlled dangerous substance without a valid prescription. Cobb does not contest her ownership of the pills found in her purse. Moreover, the jury could have reasonably concluded that the officers’ consensual search of Cobb’s purse which produced two pills identified as Alprazolam was adequate to establish Cobb’s possession of the drug.
Icfyt issue is whether Cobb possessed a valid prescription for the drugs because she told officers that she had a prescription for the pills. Nevertheless, La. R.S. 40:991 requires an individual who claims the defense of a valid prescription to raise this defense before commencement of the trial through a motion to quash. Cobb’s failure to do so waived her claim to the defense. Moreover, the jury was free to reject her statements to officers at the time of the search as self-serving. Once the state proved Cobb’s possession of the illegal drugs, it was her burden to prove the affirmative defense that she possessed the drug pursuant to a valid prescription. She produced no such evidence. Thus, the evidence was sufficient to establish that Cobb possessed the Zanax without a valid prescription. For these reasons, this assignment of error is without merit.
Cobb next contends that the goals of punishment and rehabilitation can best be served with a sentence less than the imposed maximum five-year sentence considering Cobb’s past and the fact that her two young children would be without their mother.[4] For the offense, 31-year-old Cobb faced a penalty of imprisonment with or without hard labor for not more than five years and a discretionary fine of not more than $5,000. Thus she received the maximum jail time. Nevertheless, we cannot find the sentence to be unconstitutionally excessive.
|7Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047; State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1.
A trial court has broad discretion to sentence within the statutory limits, and *913 absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
The entirety of the record before us bears out Cobb’s extremely difficult early life and criminal history. As noted in brief, her mother was a drug addict who victimized Cobb. Cobb was convicted of the negligent homicide of her own child in April of 1999, when she was only seventeen years old. After both probation and parole violations she ultimately served the probated sentence. Subsequently, Cobb had a rather lengthy criminal history. Prior to the instant offense, she pled guilty to driving while intoxicated in 2006, possession of a Schedule I CDS in 2007, speeding in 2011, criminal trespass in 2011 and possession of marijuana, second offense in 2012. These guilty pleas resulted in the dismissal of other charges for possession of drug paraphernalia, driving under suspension, open container and possession of drug paraphernalia, illegal carrying of weapons while in | possession of a controlled dangerous substance and possession of drug paraphernalia in 2013. Cobb’s criminal history was available to the Court through documents produced in pretrial discovery found in the record. The sentencing judge noted its issuance of “numerous bench warrants” for Cobb’s failure to appear for scheduled court appearances in these proceedings. Additionally, in the present matter, Cobb was arrested for possession of drug paraphernalia and other narcotics were found at the scene as noted in the police reports.
Given Cobb’s history of substance abuse, drug-related criminal activity, probation and parole violations and the facts of the present case, the imposed sentence is neither grossly disproportionate to the severity of the crime, nor a needless imposition of pain and suffering. Accordingly, this assignment of error is without merit.
We note one error patent. Cobb was ordered to pay a $500 fine plus court costs, or serve an additional 60 days in default of payment. An indigent defendant cannot be subjected to default time in lieu of the payment of a fine, costs or restitution. State v. Price, 49,011 (La.App.2d Cir.4/9/14), 136 So.3d 991, writ denied, 14-0928 (La.11/21/14), 2014 WL 6725623; State v. Lewis, 48,373 (La.App.2d Cir.9/25/13), 125 So.3d 482. A defendant’s claim of indigence in such a situation may be discerned from the record. Price, supra; State v. Arkansas, 47,317 (La.App.2d Cir.8/8/12), 104 So.3d 459, writ denied, 12-1996 (La.3/15/13), 109 So.3d 374. Cobb’s indigence has been shown by her representation at trial by the Indigent Defender’s office and her current representation on appeal by the |9Louisiana Appellate Project. Thus, the imposition of default time was in error. Therefore, this court modifies Cobb’s sentence to delete the imposition of default jail time for failure to pay court costs.

Conclusion

For the foregoing reasons, Cobb’s conviction is affirmed. Her sentence is amended to delete the portion providing for jail time in default of payment, and as amended, is affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
MOORE, J., concurs in part and dissents in part.

. Police were unable to explain discrepancies in the police and property reports which inconsistently reflected the number of pills collected from Cobb's purse. Cobb was charged with only one count of possession.

. On December 16, 2013, the state charged Cobb as a second felony habitual offender based on a 1999 conviction for negligent homicide in New Hampshire for which Cobb was given a suspended sentence. After an habitual offender hearing, however, the trial court denied the State’s attempt to adjudicate Cobb as a multiple offender and maintained the previous five-year sentence imposed.

. Moore also faced charges but waived his right to have his attorney present during his testimony.

. Cobb also alludes to the fact that the trial court sentenced her without the benefit of a PSI which had been ordered but not yet completed. As noted throughout this opinion, most of the information contained in the PSI was already in the record of the criminal proceedings. The sentencing judge who presided over the trial had the benefit of all of this information. Nevertheless, because Cobb failed to file a motion to reconsider sentence, she is precluded from review of her sentence for anything other than constitutional excessiveness. La.C.Cr.P. art. 881.1(E); State v. Gardner, 46,688 (La.App.2d Cir.11/2/11), 77 So.3d 1052.