DREW, J.
11A unanimous jury convicted Henry Allen Chatman, Jr., for the crimes of aggravated burglary and second degree kidnapping.
He received concurrent sentences of 30 years at hard labor for aggravated burglary and 40 years at hard labor, without benefits, for second degree kidnapping. A motion to reconsider sentence was denied.
The defendant appeals his conviction for aggravated burglary on the basis of insufficient evidence. He challenges both sentences as excessive.
We affirm in all respects.
FACTS
On March 21, 2013, Michelle Boyd lived with her boyfriend, James Butler, in the Parkview Apartments in Monroe. Also residing there were her two children, ages two and three, as well as Butler’s young son.
The defendant had previously dated Butler’s sister, but she broke up with him. He often came over to speak with Butler, to solicit his help with getting them back together. Butler refused to:
• intercede with his sister;
• discuss his sister with the defendant; or
• allow the defendant entry into Michelle’s apartment.
On or about March 19, 2013, the defendant pushed his way inside Michelle’s apartment. He fought with Butler. The defendant was not armed and was hospitalized from injuries suffered in the fracas.
Two evenings later, he returned, with a knife in his hand. He forced his way inside, and looked through the apartment, apparently looking for Butler, who was not present. As he departed, the defendant picked up 12MicheIle’s two-year-old son and took him outside,, with the knife at the child’s neck. Michelle followed, pleading to get her child back.
A bystander named Marvin Davis confronted the defendant and told him to return the child. At that point, the defendant dropped the child and attacked Davis, *1139 cutting him on his hand.[1] Michelle grabbed her son and fled. Fortunately, the child suffered only a bump on his head.
Butler came to the scene when the incident began. He ran to borrow a firearm from a neighbor. When he returned, he saw the defendant leaving with the child. Butler pursued the defendant and then subdued him by striking him several times with the handgun.
The defendant was convicted and sentenced as noted.
DISCUSSION
I. Sufficiency of Evidence as to the Aggravated Burglary Conviction
The defendant argues that the evidence was insufficient to prove that at the point he entered the apartment, he had the requisite intent to commit a felony or theft inside. He thus submits that the state failed to prove the crime of aggravated burglary, suggesting that the only conviction supported by the evidence is unauthorized entry of an inhabited dwelling.
The state counters that the defendant actually committed the felony of second degree kidnapping while in the apartment by grabbing the child and carrying him out of the apartment. Based on his previous encounter with Butler, it is also well within reason that he planned to attack Butler with the | c,knife. The state argues that this record supports a finding that he at least had specific intent to commit aggravated battery.[2] We agree.
' Our law on the review of sufficiency questions is well settled.[3]
*1140 UAggravated burglary[4] is a much misunderstood crime. To secure a valid conviction, the state must prove that a defendant:
1. Made an unauthorized entry into either:
• an inhabited dwelling, or
• any structure where a person is present;
2. With the intent to commit a felony or any theft therein;
3. Under any one of the following three situations:
• the offender is armed with a dangerous weapon, or
• after entering, the offender arms •himself with a dangerous weapon, or
• the offender batters any person while in such place or while entering or leaving such place.
Ample evidence was adduced to support these convictions. A reasonable jury could find that this defendant had the specific intent to commit a felony inside Michelle’s apartment. It is not disputed that he forced his way into the apartment while holding a knife. His demeanor during the course of events indicated that he was looking for Butler. It is not disputed that he used a knife to kidnap a small child.
lfiOn this record, it is reasonable that a jury could conclude that the defendant intended to confront and injure Butler. Only two days before, the defendant was hospitalized when he lost a fight with Butler. The jury was within its discretion to infer from these facts that the defendant committed the crime of aggravated burglary.[5]
*1141 II. Excessiveness of the Sentences
Defendant’s argument regarding his sentence is that he:
• was a scorned lover rather than a serious kidnapper or burglar;
• made poor decisions at a time when he was not in his right mind;
• does not deserve the maximum sentences imposed; and
• is certainly not the worst kind of this type of offender.
Our law on appellate review of sentences is well settled.[6]
The sentencing range for aggravated burglary is from not less than one to not more than 30 years at hard labor. La. R.S. 14:60.
| fiSecond degree kidnapping runs from five to 40 years at hard labor. At least two years must be served without benefits. La. R.S. 14:44.1(C).[7]
The defendant’s motion to reconsider his sentences alleges mere excessiveness. Accordingly, our court’s review of these sentences is limited to considering whether the sentence is constitutionally excessive. See State v. Mims, 619 So.2d 1059 (La.1993), and State v. Boyd, 46,321 (La.App. 2d Cir. 9/21/11), 72 So.3d 952.
The trial court, after thoroughly reviewing a presentence investigation, expressly stated the aggravating factors and noted the absence of any mitigating factors under La. C. Cr. P. art. 894.1.
The sentences imposed are not constitutionally excessive.
The defendant has three prior felony convictions, plus criminal history as a juvenile and as an adult.[8] As a fourth felony offender, he could have been sentenced to a mandatory life imprisonment. La. R.S. 15:529.1.
The trial court noted the seriousness of the crimes, emphasizing that the danger to the child amounted to deliberate cruelty to the victims.
The defendant secured no further education after he was expelled in the seventh grade. His parole has been revoked twice. He admits use of PCP, marijuana, and alcohol, though he denies any addictions. *1142 He has a very spotty employment record and no familial obligations of support.
The defendant brandished the knife to gain entry to an apartment in which three children were living. As the defendant left, he grabbed one of |7the children, holding a knife to him. He then threw the child to the mother and attacked the man who was trying to stop his crime spree.
He claims to have gotten in with the wrong crowd.[9]
Considering the nature of the offense, the defendant’s criminal history, and the trial court’s thorough analysis of the pre-sentence investigation report, we find that the imposition of these concurrent sentences does not shock the. sense of justice, nor are the sentences a needless imposition of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993).
DECREE
The defendant’s convictions and sentences are AFFIRMED.

. The knife was never found by the police.

. The knife was visible in the defendant’s hand, not concealed in a pocket.

. When several issues are raised on appeal and one or more questions involve the sufficiency of the evidence, the reviewing court should review the sufficiency claims first because the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 01-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Carter, 42,894 (La.App. 2d Cir. 1/9/08), 974 So.2d 181, writ denied, 08-0499 (La.11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 05-0477 (La.2/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App. 2d Cir. 1/14/09), 1 So.3d 833, writ denied, 09-0310 (La.11/6/09), 21 So.3d 297.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App. 2d Cir. 2/25/09), 3 So.3d 685, writ denied, 09-0725 (La.12/11/09), 23 So.3d 913, cert. denied, 561 U.S. 1013, 130 S.Ct. 3472, 177 L.Ed.2d 1068 (2010); State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 07-1209 (La.12/14/07), 970 So.2d 529.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Speed, 43,786 (La.App. 2d Cir. 1/14/09), 2 So.3d 582, writ denied, 09-0372 (La.11/6/09), 21 So.3d 299.
*1140 Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Speed, supra; State v. Allen, 36,180 (La.App. 2d Cir. 9/18/02), 828 So.2d 622, writs denied, 02-2595 (La.3/28/03), 840 So.2d 566, 02-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
Credibility determinations are the province of the trier of fact. State v. Johnson, 38,927 (La.App. 2d Cir. 11/23/04), 887 So.2d 751; State v. Powell, 27,959 (La.App. 2d Cir. 4/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support the requisite factual conclusion. Id.
Generally, direct evidence consists of testimony from a witness who actually saw or heard an occurrence, proof of the existence of which is at issue. State v. Lilly, 468 So.2d 1154 (La.1985). Circumstantial evidence, by contrast, consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. Id.; State v. Bounds, 38,330 (La.App. 2d Cir. 5/12/04), 873 So.2d 901. When a conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438; State v. Dorsey, 2010-0216 (La.9/7/11), 74 So.3d 603.
Specific intent is the state of mind that exists when circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1); State v. Baker, 49,-175 (La.App. 2d Cir. 8/27/14), 148 So.3d 217. Specific intent need not be proven as fact; it may be inferred from the circumstances surrounding the offense and the conduct of the defendant. State v. Allen, 41,548 (La.App. 2d Cir. 11/15/06), 942 So.2d 1244, writ denied, 2007-0530 (La.12/07/07), 969 So.2d 619. The determination of whether the requisite intent is present in a criminal case is for the trier of fact. State v. Hill, supra.

. See La. R.S. 14:60.

. One factor in determining a defendant's intent at the point of an unauthorized entry is to analyze what he did immediately after entering the structure.

.The trial court has wide discretion in imposing sentence within minimum and maximum limits allowed by the statute; thus, a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Dickson, 48,361 (La.App. 2d Cir. 9/25/13), 124 So.3d 1193; State v. Hardy, 39,233 (La.App. 2d Cir. 1/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App. 2d Cir. 9/21/11), 73 So.3d 473, writ denied, 2011-2304 (La.3/9/12), 84 So.3d 550. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App. 2d Cir. 10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App. 2d Cir. 9/21/11), 73 So.3d 1021, writ denied, 2011-2347 (La.3/9/12), 84 So.3d 551.
An excessive sentence is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. State v. Gardner, 46,688 (La.App. 2d Cir. 11/2/11), 77 So.3d 1052.
Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App. 2d Cir. 11/2/11), 77 So.3d 1047.

. All 40 years of the kidnapping sentence was ordered served without benefits.

. His criminal history includes drug charges and convictions, both possession and distribution, as well as firearm charges.

. It is much more likely that he was the wrong crowd.