CRICHTON, J.,
additionally concurs and assigns reasons.
hi agree with the majority's denial of the writ; however, because of the frequency with which the issue arises, I write separately to clarify whether or not the law currently requires sentencing courts to advise defendants who plead guilty to an offense of the future sentence enhancement exposure the plea may engender.
By statute, during a plea colloquy, a sentencing judge must ascertain whether or not a defendant understands “[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.” La. C.Cr.P. art. 556.1(A)(1). However, there is no statutory requirement of advisement of the potential for habitual offender sentence enhancement. State v. Muse, 367 So.2d 789, 792 (La. 1979) (“[D]efendant need not be informed when he enters a guilty plea that it may serve as a basis for an enhanced sentence”). In fact, “[t]his Court has never extended the core Boykin constitutional requirements to include advice with respect to sentencing.... or that his conviction may be used as a basis for the filing of a future multiple offender bill.” See State v. Guzman, 99-1528 (La. 5/16/00), 769 So.2d 1158 (citing State v. Anderson, 98-2977 (La. 3/19/99), 732 So.2d 517; State v. Nuccio, 454 So.2d 93 (La. 1984)); see also State v. Verdin, 02-2671, p. 4 (La.App. 1 Cir. 2/3/03), 845 So.2d 372, 375 (“Although advice with respect to a defendant’s sentencing exposure and the possibility of enhancement Rmay facilitate the taking of a voluntary guilty plea, such advice has never formed part of the Supreme Court’s core Boykin requirements for the entry of a presumptively valid guilty plea.”) (citing Guzman).
However, while currently not required by law, it is my opinion that so advising defendants constitutes a best practice for sentencing courts and better serves both the interests of justice and judicial economy. While according to La.R.S. 14:17, “[ijgnorance of ... of any criminal statute is not a defense to any criminal prosecution,” a defendant not trained in the law would likely be unaware of his possible enhanced sentencing exposure following the commission of any future felony crime, violent or non-violent. In my view, trial court judges owe it to a criminal defendant to spend one minute during the felony guilty plea colloquy addressing this critical issue. In the event that such an advisement deters future criminal conduct, it is a gain for society as well as a cost-saving measure for our state’s mass incarceration crisis.