GARRETT, J.
The defendant, Robert Alan Bridges, was convicted as charged of indecent behavior with a juvenile, in violation of La. R.S. 14:81, for sending a lewd text message to a 14-year-old girl. He was sentenced to four years at hard labor. He was also ordered to pay a fine of $4,000 or serve three years in the parish jail in lieu of payment. We affirm the defendant's conviction. However, we amend the sentence to vacate the portion ordering jail time in default of payment of a fine and affirm the sentence as amended.
FACTS
The 14-year-old female victim knew the married, adult male defendant from church, where he attended a Sunday school class taught by one of her grandparents. On February 22, 2016, the victim had her iPad with her in gym class when the following message from the defendant appeared on the screen:
So you would let me fuck you while on your period and then you would suck your period blood off of my dick? ?
This message was accompanied by the defendant's name, screen name, and photo. A second message-"Hello? ?"-followed.
A gym teacher saw the victim with the iPad and confiscated it. Upon seeing the message, the gym teacher reported it to a school counselor. Sgt. Andray Miles, a deputy sheriff who served as the school resource officer, was then informed of the situation, and he contacted the Youth Services Division of the Caddo Parish Sheriff's Office. Sgt. Miles testified that, after locating another photo of the defendant on Facebook, he contacted his headquarters to obtain the defendant's date of birth and verified that he was an adult.
During the ensuing investigation, the defendant was interviewed on two occasions by Detective Trey Keene. In the first interview, the defendant denied sending any sexually inappropriate messages to the victim. In the second interview, which occurred three days later, the defendant admitted sending the message at issue.[1] Both *664 interviews were recorded. The defendant was charged with indecent behavior with a juvenile.
At a preliminary examination on April 19, 2016, the trial court found probable cause for the charge. On the same date, the state tendered its discovery items to the defense. They consisted of 73 pages of documents filed in the record, as well as "a copy of four DVDs and three CDs" received by defense counsel in court. Included in the discovery documents was a written report by Detective Jared Marshall, the investigator who conducted the forensic search of the victim's iPad and the defendant's cell phone. He specifically described some of the deleted files he recovered from an SD card found attached to the defendant's cell phone. They included nude photos, some of the defendant and some of children.[2]
At the April 2017 trial, the state presented the testimony of the victim, the gym teacher, Sgt. Miles, Detective Keene, and Detective Marshall. The victim testified that the gym teacher took the iPad away from her before she could read the message from the defendant. She stated that she and the defendant were Facebook friends and used Facebook Messenger to communicate outside of church. In addition to messages, she testified that they had exchanged inappropriate pictures, "[s]tuff that shouldn't have been sent." According to her testimony, in one of the photos sent to her by the defendant, he was clothed on the top but "exposed" on the bottom.[3] Detective Keene testified about his interviews with the defendant, specifically the defendant's denials in the first one and his admissions in the second interview. He also stated that, while he did not know his exact age, the defendant was over the age of 18 years.
During Detective Marshall's testimony, the defense made an objection and asked for the jury to be removed before he was questioned about what he found during the forensic search of the defendant's cell phone. The defendant objected to the state eliciting testimony about nude photos found on the cell phone. The state agreed not to refer to the photos of naked children found on the device. However, the state noted that there was "a lot of pornographic material found" on the phone which it believed was relevant and which was included in the materials tendered to the defense in discovery. The defense objected to "all of it." The state then announced its intention to ask questions about the defendant's internet search for certain topics, such as "naïve teen girl." According to the state, Detective Marshall had placed a software report, which included thumbnail photos of the defendant's cell phone internet search history, on a disc, and it had been tendered to the defense during discovery. The trial court examined the "thumbnails" and asked if the evidence was of a "lustful disposition." The state indicated it was not, and that the websites were legal and did not involve child pornography. Ultimately, the trial court reasoned that La. C.E. art. 412.2, which pertains to evidence of similar crimes, wrongs, or acts in sex offense cases, was applicable. The trial court also applied a prejudicial versus probative analysis. It sustained the objection in part and denied it in part, limiting the testimony to websites referencing behavior similar to *665 that of which the defendant was accused. Thereafter, Detective Marshall testified before the jury that the internet history on the defendant's cell phone had links to pornographic videos with titles including words like "teen naïve" and "virgin." He also stated that he was able to recover some deleted material from an SD card in the cell phone which included numerous photos of an erect penis.
The defendant testified on his own behalf. He denied sending the victim any inappropriate or sexual messages, denied confessing the same to Detective Keene, and claimed his Facebook account was hacked, most likely by a man with whom his former wife had been involved. On rebuttal, the state recalled Detective Keene and played for the jury a portion of his second interview with the defendant in which the defendant admitting sending the message at issue.[4] A unanimous jury found the defendant guilty as charged.
The defendant filed a motion for new trial and a motion for post-verdict judgment of acquittal. Following a hearing, both motions were denied. As to the motion for post-verdict judgment of acquittal, the defense argued that the state failed to establish the defendant's age because no evidence was presented as to his date of birth. In denying this motion, the trial court specifically cited the testimony of Detective Keene that the defendant was over the age of 18. The trial court also stated, "[w]hile we may not be able to pin the exact year, I think everyone would agree he's at least 30 years old because we can all see him."[5]
Finding no mitigating factors and several aggravating factors, including the defendant's "utter lack of any remorse" and his refusal to accept responsibility for his actions, the trial court sentenced the defendant to four years at hard labor.[6] Additionally, it imposed a $4,000 fine, and ordered that the defendant serve three years in the parish jail in lieu of payment of the fine. The defendant's motion to reconsider sentence was denied. The defendant appealed.
SUFFICIENCY OF EVIDENCE
The defendant argues that the trial court erred in denying his motion for post-verdict judgment of acquittal. He maintains that there was no "completed act"
*666 because the gym teacher intercepted his message to the 14-year-old intended recipient before she saw it. As a result, he requests that his conviction be vacated and the responsive verdict of attempted indecent behavior with a juvenile be entered.
Law
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979) ; State v. Tate , 2001-1658 (La. 5/20/03), 851 So.2d 921, cert. denied , 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed. 2d 248 (2004) ; State v. Sullivan , 51,180 (La. App. 2 Cir. 2/15/17), 216 So.3d 175, writ not cons. , 2017-0895 (La. 9/6/17), 226 So.3d 428. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. State v. Pigford , 2005-0477 (La. 2/22/06), 922 So.2d 517 ; State v. Dotie , 43,819 (La. App. 2 Cir. 1/14/09), 1 So.3d 833, writ denied , 2009-0310 (La. 11/6/09), 21 So.3d 297.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith , 94-3116 (La. 10/16/95), 661 So.2d 442. A reviewing court accords great deference to the factfinder's decision to accept or reject the testimony of a witness in whole or in part. State v. Sullivan , supra.
In relevant part, La. R.S. 14:81 provides:
A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
...
(2) The transmission , delivery or utterance of any textual , visual, written , or oral communication depicting lewd or lascivious conduct, text, words , or images to any person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender. It shall not be a defense that the person who actually receives the transmission is not under the age of seventeen.
...
C. For purposes of this Section, "textual, visual, written, or oral communication" means any communication of any kind, whether electronic or otherwise, made through the use of the United States mail, any private carrier, personal courier, computer online service, Internet service, local bulletin board service, Internet chat room, electronic mail, online messaging service, or personal delivery or contact.
...
E. An offense committed under this Section and based upon the transmission and receipt of textual, visual, written, or oral communication may be deemed to have been committed where the communication was originally sent, originally received, or originally viewed by any person. [Emphasis added.]
In order to convict a person under La. R.S. 14:81(A)(2), the state must prove that the offender intended on sending obscene material to a juvenile under the age of 17, through electronic or textual transmission, in order to gratify his, or the child's, sexual desires. The last provision of section (A)(2) simply provides that incidental transmission to a person over the age of 17 is not a defense. State v. Whitmore , 46,120 (La. App. 2 Cir. 3/2/11), 58 So.3d 583, writ denied , *667 2011-0614 (La. 11/14/11), 75 So.3d 937, cert. denied , 566 U.S. 1012, 132 S.Ct. 2434, 182 L.Ed. 2d 1067 (2012).
The completed crime of indecent behavior with a juvenile is accomplished by the mere "transmission of an electronic textual communication or an electronic visual communication depicting lewd or lascivious conduct, text, or images to any person" reasonably believed to be under 17 and at least two years younger than the offender.[7] State v. Jones , 10-0762 (La. 9/7/11), 74 So.3d 197. In the context of La. R.S. 14:81(A), the Louisiana Supreme Court has defined "lewd and lascivious" as an act which is "lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to sexual impurity or incontinence carried on in a wanton manner." State v. Jones , supra.
Discussion
In support of his argument that the state was required to prove receipt of the message by the 14-year-old victim, the defendant cites La. R.S. 14:81(E). He contends that the wording of this section contemplates that three actions are required for communication-sending, receiving and viewing. However, review of the statute reveals that La. R.S. 14:81(E) is a venue provision, while La. R.S. 14:81(A)(2) sets forth the elements of the offense. The language of that section requires only that the defendant transmit the "lewd or lascivious" message and that the transmission must be to "any person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender."[8] The provision further explicitly provides actual receipt by a person who is not under the age of 17 shall not be a defense. Consequently, the adult defendant's transmission of this lewd message to a 14-year-old girl satisfies the requirement of La. R. S. 14:81(A)(2) even if it was intercepted and viewed by the gym teacher after it was received on the young girl's iPad.
Finally, the defendant argues that his follow-up message-"Hello? ?"-somehow negates any finding that his sexual desires had been gratified. However, the statute does not require that the state prove that the defendant's sexual desires were gratified, merely that the transmission was made with the intention of arousing or gratifying his sexual desires.
Despite the defendant's testimony to the contrary, the testimony of the state's witnesses established that the adult defendant intended to send the lewd message to a juvenile under the age of 17, through electronic transmission, in order to gratify his sexual desires. The message speaks for itself. The jury obviously believed the testimony of the state's witnesses while finding the defendant's testimony was not credible. As noted above, we do not assess the credibility of the witnesses or reweigh evidence. Considering the evidence in the light most favorable to the prosecution, the evidence was sufficient for the jury to conclude beyond a reasonable doubt that the defendant was guilty of indecent behavior with a juvenile.
This assignment of error is meritless.
ADMISSION OF EVIDENCE OF PORNOGRAPHIC VIDEO LINKS ON DEFENDANT'S CELL PHONE
The defendant contends that the trial court erred in allowing the state to question *668 Detective Marshall about pornographic video links found on the defendant's cell phone with titles containing the terms "virgin" and "teen naïve."
Law
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of Louisiana, the Louisiana Code of Evidence, or other legislation. Evidence which is not relevant is not admissible. La. C.E. art. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by considerations of undue delay or waste of time. La. C.E. art. 403. A trial judge's determination of the relevancy of testimony is afforded great weight and will not be disturbed absent an abuse of discretion. State v. Henderson , 46,057 (La. App. 2 Cir. 3/2/11), 58 So.3d 552, writ denied , 11-0674 (La. 10/14/11), 74 So.3d 216 ; State v. Wiley , 614 So.2d 862 (La. App. 2 Cir. 1993).
Generally, evidence of other acts of misconduct is inadmissible because it creates the risk that the defendant will be convicted of the present offense simply because the unrelated evidence establishes him or her as a "bad person." La. C.E. art. 404(B)(1) ; State v. Breedlove , 51,055 (La. App. 2 Cir. 1/11/17), 213 So.3d 1195, writ denied , 2017-0270 (La. 11/6/17), 229 So.3d 468. However, evidence of other crimes may be admissible if the state establishes an independent and relevant reason, i.e., to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. La. C.E. art. 404(B)(1) ; State v. Roberson , 40,809 (La. App. 2 Cir. 4/19/06), 929 So.2d 789. It is the duty of the district court in its gatekeeping function to determine the independent relevancy of this evidence. State v. Taylor , 2016-1124 (La. 12/1/16), 217 So.3d 283.
As to sex offenses involving a victim under the age of 17, La. C.E. art. 412.2(A) provides that evidence involving "sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403."
The erroneous admission of other crimes evidence is subject to harmless error analysis on appeal. State v. Bell , 99-3278 (La. 12/8/00), 776 So.2d 418 ; State v. Small , 50,388 (La. App. 2 Cir. 2/24/16), 189 So.3d 1129, writ denied , 2016-0533 (La. 3/13/17), 212 So.3d 1158. Such error is harmless where the verdict is "surely unattributable to the error." State v. Small , supra.
Indecent behavior with a juvenile is a specific intent crime for which the state must prove the offender's intent to arouse or gratify his sexual desires by his actions involving a child. State v. Holman , 46,528 (La. App. 2 Cir. 9/21/11), 73 So.3d 444 ; State v. Caston , 43,565 (La. App. 2 Cir. 9/24/08), 996 So.2d 480. Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. State v. Cortez , 48,319 (La. App. 2 Cir. 8/7/13), 122 So.3d 588. The determination of whether the requisite intent is present in a criminal case is for the trier of fact. State v. Chatman , 49,970 (La. App. 2 Cir. 6/24/15), 167 So.3d 1136, writ denied , 2015-1422 (La. 9/6/16), 205 So.3d 916.
*669 Discussion
The defendant argues that the trial court incorrectly applied the provisions of La. C.E. art. 412.2, rather than the relevancy articles of La. C.E. art. 401, et seq. Although the state specifically stated that the evidence was not offered to show a lustful disposition, the trial court found La. C.E. art. 412.2 was controlling. Even if La. C.E. art. 412.2 was not the controlling article, we find that the limited evidence presented to the jury was admissible under the relevancy articles of La. C.E. art. 401, et. seq.
The trial court clearly concluded that the probative value of Detective Marshall's testimony outweighed any prejudicial effect that the testimony might have. The trial court placed very strict limitations on what the witness was allowed to say in order to prevent the admission of any irrelevant evidence. Consequently, Detective Marshall's testimony about the results of his forensic exam of the defendant's cell phone consisted of a statement that the defendant's internet history contained links to two or three videos with titles including words like "teen naïve" and "virgin," and a statement that the defendant's SD card had numerous photographs of an erect penis. The defendant does not complain about the latter statement.[9] The evidence of the defendant's internet history was directly related to the offense of which the defendant was accused, transmitting a lewd message to a young, teenage girl with the intention of arousing or gratifying his sexual desires, and was relevant to the jury's determination of the defendant's intent when he sent that message. This evidence showed his interest in sexual matters involving young, teenage girls.
The trial court did not abuse its discretion in admitting the extremely limited testimony of Detective Marshall regarding the internet history he recovered from the defendant's cell phone.[10] Furthermore, the evidence was clearly sufficient, even without Detective Marshall's testimony, to sustain the defendant's conviction for indecent behavior with a juvenile. Accordingly, any error of the trial court in admitting the evidence, whether under La. C.E. art. 412.2 or La. C.E. art. 401, et seq. , was harmless.
This assignment of error is without merit.
DEFAULT TIME
The defendant argues that the trial court erred in imposing default time of three years in the parish jail for failure to pay a fine of $4,000. The state agrees and requests that the default time be vacated from the defendant's sentence.
An indigent defendant cannot be subjected to default time in lieu of payment of a fine, costs or restitution. Bearden v. Georgia , 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed. 2d 221 (1983) ;
*670 State v. Roebuck , 94-1127 (La. 6/30/95), 657 So.2d 1009. Indigence may be discerned from the record. State v. Pratt , 50,152 (La. App. 2 Cir. 12/30/15), 184 So.3d 816, writ denied , 2016-0123 (La. 1/25/17), 215 So.3d 262. This court considers a defendant indigent when he is represented at trial by an indigent defender's office or a court-appointed attorney, and on appeal by the Louisiana Appellate Project. State v. Lee , 51,508 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1133, 2017 WL 3401345, writ denied , 2017-1498 (La. 5/18/18), 242 So. 3d 570 ; State v. Fontenot , 51,072 (La. App. 2 Cir. 1/11/17), 211 So.3d 1236. The defendant meets each of these criteria, and thus his indigence is apparent from the record. Consequently, we vacate the portion of the sentence ordering three years' jail time in default of payment of the fine. In all other respects, the sentence is affirmed.
ERROR PATENT
Our error patent review reveals that the trial court did not properly advise the defendant of the prescriptive period for seeking post-conviction relief, as required by La. C. Cr. P. art. 930.8(C). Therefore, we advise the defendant, by way of this opinion, that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922. State v. Little , 50,776 (La. App. 2 Cir. 8/10/16), 200 So.3d 400, writ denied , 2016-1664 (La. 6/16/17), 219 So.3d 341.
CONCLUSION
The defendant's conviction is affirmed. His sentence is amended to vacate the default time and, as amended, affirmed.
CONVICTION AFFIRMED. SENTENCE AMENDED TO VACATE DEFAULT TIME AND, AS AMENDED, AFFIRMED.
BROWN, C.J., concurs with reasons.
BROWN, C.J., concurring with reasons.
The fine was to be imposed after defendant completed his jail time. It is premature to now vacate the default time. See State v. Brown , 43,458 (La. App. 2d Cir. 9/24/08), 996 So.2d 461, 470 (Gaskins, J., concurring in part and dissenting in part):
After imposition of sentence, the trial court is the one in the best position to determine the handling of default time. The trial court is able to consider any requests by the defendant, and make inquiries, as needed. If, for example, the defendant is paroled, payment of the fine may be set up on an affordable plan or schedule. Or, if the defendant is found by the trial court to still be indigent and no alternative to paying the fine is appropriate, then the trial judge may dismiss the default time, as mandated by law.

At the time of the second interview, the defendant was incarcerated at Caddo Correctional Center on an unrelated matter.

The record indicates that the nude photos of children did not fit the definition of child pornography.

The testimony about the inappropriate photos was elicited on redirect in response to the defendant's insinuation on cross-examination that the victim might have been communicating with someone whom she incorrectly believed to be the defendant.

At a hearing in June 2016, the trial court found both of the defendant's statements to Detective Keene were made freely and voluntarily.

As previously mentioned, the video recording of the defendant's second statement to Detective Keene was played for the jury. Based upon our review of that recording, we agree with the trial court's observation that the defendant appeared to be at least 30 years old.
Evidence establishing a defendant's age may include his physical appearance before the trier of fact. See State v. Shelton , 545 So.2d 1285 (La. App. 2 Cir. 1989), writ denied , 552 So.2d 377 (La. 1989) ; State v. Zihlavsky , 505 So.2d 761 (La. App. 2 Cir. 1987), writ denied , 511 So.2d 1152 (La. 1987). However, in the instant case, both Sgt. Miles and Detective Keene testified that the defendant was an adult over the age of 18 at the time of the offense.
The defendant's age was relevant because the elements of the offense required that the offender reasonably believe that the intended recipient of the lewd message was under the age of 17 and at least two years younger than the offender. At the trial, which occurred about 14 months after the offense, the victim testified that she was 15 years old and would be turning 16 in a few weeks, thus making her 14 years old at the time of the offense. Consequently, she was under the age of 17 and at least two years younger than the defendant, who was older than 18.

Another aggravating factor cited by the trial court was the defendant's criminal history. In 2009, he was convicted in Kansas of domestic battery, criminal restraint, and intimidation of a witness.

The Court tracked the language of an earlier version of La. R.S. 14:81, which was more limited than the version in effect at the time of the instant offense.

The defendant concedes in his brief that, based upon the evidence presented at trial, which we discussed supra , the jury could have concluded that the age difference element of La. R.S. 14:81 had been satisfied.

Prior to Detective Marshall's testimony, the jury had already heard the victim testify that the defendant had sent her a photo in which he was "exposed." Later, on rebuttal, the jury viewed a portion of the recording of the defendant's second statement, during which he admitted that there were photos of his genitalia on his cell phone which he deleted.

The cases cited by the defendant in support of this assignment of error, State v. Thomassie , 2016-0370 (La. App. 4 Cir. 12/21/16), 206 So.3d 311, writ denied , 2017-0186 (La. 2/24/17), 216 So.3d 60, and State v. Raines , 2013-304 (La. App. 3 Cir. 11/13/13), 124 So.3d 1275, are distinguishable from the instant case. In both of these cases, the evidence of the defendant's guilt was deemed to be "not overwhelming," whereas here the defendant admitted sending the lewd message to the victim in his second statement to the police.